CASE 74—ACTION TO RECOVER DAMAGES FOR PERSONAL INJURIES—
JUNE 4.

# City of Wickliffe v. Moring.

### APPEAL FROM BALLARD CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   AFFIRMED.

MUNICIPAL CORPORATIONS—INJURY FROM DEFECT IN SIDEWALK—OP-
PORTUNITY OF CITY TO KNOW OF DEFECT.

Held:. Where plaintiff was injured as the result of a fall caused
    by a loose plank in a sidewalk, and there was some evidence
    to the effect that the defect had existed for some time, it was
    a question for the jury, whether the city might, by the exer-
    cise of ordinary care have discovered the defect in reasonable
    time to repair it before the injury.

BUGG & WICKLIFFE, FOR APPELLANT.

    The appellee claims that she was walking along on the
sidewalk on Front street, when one of the planks of the walk
tilted and threw her to the ground and injured her perma-
nently.

    The sidewalks of cities of the fifth class are under the super-
vision of the mayor and councilmen of the city.   We submit
that there is an absolute failure in the proof introduced by
appellee, to show any negligence on the part of said officers
in the construction of the sidewalk or any notice that the
plank complained of was loose, or that said officers had any
reason to suspect that the walk was out of repair in any re-
spect.   On the contrary, it is shown that the mayor made stated
trips over the city looking after the sidewalks, and failed to
discover the defect complained of.   In fact, the evidence abun-
dantly shows that these officials not only used reasonable, but
used extraordinary care to discover any defects in the side-
walks, and failed to find the one complained of.

    Believing the verdict is flagrantly against the evidence, we
respectfully ask a reversal.

WILLIAM DANCE, FOR APPELLEE. .

    We submit that the court did not err in refusing to give the
jury peremptory instructions to find for appellant, that

the instructions given are the law of this case; the verdict being small and a poor compensation to the little girl, the appellee, for her curved spine and twisted back, all caused by the negligence of the appellant. City of Covington v. Deehl, 59 S. W., 492.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

The appellee, Motelle Moring, a girl of 12 years of age, brought this suit by next friend to recover damages for injuries alleged to have resulted from a fall caused by a loose plank in the sidewalk on Front street, in the city of Wickliffe. She testified that whilst coming from school with one of her companions she met a colored woman, who stepped upon one end of a loose plank in the sidewalk as she stepped upon the other end; that the plank flew up, caught her leg, and threw her down. She also testified that there were three or four loose planks in the sidewalk near the one which threw her down; that, as a result, her spine was seriously hurt. Her statements are fully corroborated by her companion, Gracie Bayne. And there is testimony to the effect that this defect in the sidewalk had existed for some time, although the mayor, street superintendent, and other officials of the city testified that they were not aware that such condition existed. The trial court gave to the jury the following instructions, which fairly and correctly state the law: "If the jury believe from the evidence that defendant's sidewalk, at the time and place at which plaintiff claims to have been hurt was not in a reasonably safe condition and repair for use by the public, and that she was injured by reason thereof, and that the defendant, City of Wickliffe, through its mayor or councilmen or street commissioner, had knowledge or notice of such unsafe condition of said sidewalk, or might have had knowledge or notice by the use of ordinary diligence on the part of such officers, and that a

reasonable length of time had elapsed in which it could have repaired said sidewalk after it received such knowledge or notice and before the injury occurred to the plaintiff, then the law is for her, and the jury should find for her compensatory damages for any injury to her person, and for any physical or mental pain or anguish which she suffered or endured by reason of such injury. Unless they so believe, they should find for the defendant. (2) Before the jury are authorized to find for the plaintiff in this case, they must believe from the evidence not only that the sidewalk, where she claims to have been hurt, was in an unsafe and dangerous condition, and that she was thereby injured, but they must further believe from the evidence that the defendant, through its mayor, councilmen, or street commissioner, had knowledge or notice of the defect in its sidewalk which caused her injury, or by the use of ordinary diligence might have had such notice, and that a reasonable time had elapsed in which it could have repaired its walk after it received such notice, and before the plaintiff was injured. (3) The court instructs the jury that the defendant, city of Wickliffe, is not required to foresee or to provide against every possible danger or accident that might occur to the public, and is only required to exercise reasonable prudence and diligence in the construction of its sidewalks, and in keeping them in a reasonably safe condition for use by the traveling public." The jury found a verdict for the appellee for $210, which we are asked to reverse upon the sole ground that it is so palpably against the weight of evidence as to import passion and prejudice in the minds of the jury. The statements of plaintiff as to how the injury occurred are not contradicted, and the evidence is quite conflicting as to the length of time the sidewalk had remained in the condition in which

it was, and, giving fair weight to all the testimony in the case, this court would not be warranted in reversing the judgment.

Judgment affirmed.