## City of Newport v. Lewis, By, et al.

(Decided November 19, 1913).

### Appeal from Campbell Circuit Court.

1. Municipal Corporations—Defective Sidewalks—Notice of Defects. —A city is chargeable with notice of defects in a sidewalk, where the defect is of such a nature that the city authorities could, in the exercise of reasonable diligence, have ascertained and repaired it.

2. Trial—Submission of Issues to the Jury—Sufficiency of Evidence. —In an action for personal injuries resulting from a defect in a sidewalk, evidence held sufficient to authorize the submission of the case to the jury.

3. Damages—Personal Injuries—Excessive Verdict.—In an action for personal injuries, where plaintiff's arm was broken, the bones of which did not reunite sooner than thirty days after the injury, she was confined to her bed and room for ten days, and endured mental and physical sufferings as a result of her injuries, although there were no permanent impairment of the use of her arm and no proof of loss of time, a verdict of $200.00 is not excessive.

4. Municipal Corporations—Contributory Negligence—Infants.—An infant five years of age cannot be chargeable with contributory negligence in falling into a hole in a sidewalk, even if such negligence be shown.

OTTO WOLF for appellant.

HOWARD M. BENTON; RAMSEY WASHINGTON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellee, Virginia Lewis, an infant five years of age, suing in her own right and by her statutory guardian, recovered in this action a verdict and judgment in the court below of $200.00 damages against the appellant, City of Newport, because of injuries sustained by her from a fall caused, as alleged in the petition, by the

negligence of the city in failing to keep one of its side walks in a reasonably safe condition for the use of pedestrians.

It appears from the averments of the petition that appellee sustained a fracture of a bone of one of her arms from falling into a hole in the center of the sidewalk; the hole consisting of a space of four or five feet in length and two or more feet in width, produced by missing bricks, which left a depression or hole in the sidewalk with "bricks sticking up in saw fashion" on the sides and ends. According to the testimony of some of the witnesses introduced in behalf of appellee, the depression where appellee fell was an inch or an inch and a half below the surrounding bricks, but, according to the testimony of her aunt, Mrs. Callahan and others, the depression was as much as the thickness of the surrounding bricks.

The answer of apellant contained a traverse and plea of contributory negligence, and its affirmative matter was controverted of record.

On this appeal, prosecuted by the city, it seeks a reversal of the judgment recovered by appellee upon two grounds: First, error of the trial court in refusing the peremptory instruction asked by appellant at the conclusion of the evidence; second, that the verdict is excessive.

In support of the first ground, it is argued by appellant's counsel that the evidence introduced in behalf of the appellee failed to show that her fall and fracture of her arm were caused by the hole in the pavement. It appears from the bill of evidence that the only eye witness to the accident was Mrs. Callahan, appellee's aunt. Appellee, by reason of her immature years, was not introduced. Mrs. Callahan testified that she was walking on the pavement pushing a "perambulator" containing her baby, accompanied by her little daughter, three years of age, and the appellee; and that the two little girls were some feet in advance of her when they fell on the pavement and appellee sustained the fracture of her arm. Upon the cross-examination, she became somewhat confused in her statements, which were once or twice indefinite as to where the fall of the child occurred, that is, whether it occured before stepping into the depression or after getting therein, but, upon her redirect examination, her testimony became more certain and direct, as the following quotations therefrom will show:

"Q.   What caused her to fall, the hole?

"A.   Well, the hole or bad brick, you know.

"Q.   There is nothing sticking up there, at that point, is there?

"A.   Well, the brick, you know, was higher than the earth.

"Q.   Before she stepped down in there, and that was what caused her to fall?

"A.   Yes, sir.

"Q.   The judge asked you a question a moment ago, if she fell just before she got to the hole—you do not mean for the jury to understand—(The defendant objects)?

"Q.   Well, can you state how she did fall, or at what point she fell, whether it was before she got to the hole, at the time she got to the hole, or after she got to the hole?

"A.   It was after she got to the hole—when she got there, you know, she fell and fell right in the hole.

"Q.   Was there anything on the sidewalk to cause her to trip before she actually got to the hole?

"A.   No, there wasn't anything there."

No other witness saw, or attempted to state, where or how the appellee fell, and it is fairly apparent from the testimony of Mrs. Callahan, as a whole, that she did not fall until the hole was reached by her, and that the fall was caused by the presence of the hole in the sidewalk or the projecting ends of the surrounding bricks. It is also apparent from the testimony of Mrs. Callahan and several other witnesses introduced for appellee that the presence of the hole in the sidewalk, was of sufficient depth to render the sidewalk unsafe and, in fact, dangerous to persons using it; furthermore, that this defect in, and dangerous condition of, the sidewalk had continued for more than a year previous to the date of appellee's injuries. Therefore, it must have been known to the city authorities and was known to them for a sufficient time to give them ample opportunity to repair the defect and put the sidewalk in good condition. Indeed, the evidence shows that the city's knowledge of the defective and dangerous condition of the sidewalk had existed for a long time, for, it had, more than a year before appellee's injuries were sustained, given notice to the adjoining lot owner that he must repair the pavement at this place and thereby remove the danger to pedestrians.

A city is chargeable with notice of defects in a sidewalk, where the defect is of such a nature that the city authorities could, in the exercise of reasonable diligence, have ascertained its existence and repaired it: City of Bowling Green v. Duncan, 122 Ky., 244; City of Burnside v. Smith, 119 S. W., 744; City of Louisville v. Romer, 29 Rep., 1301; City of Madisonville v. Stewart, 121 S. W., 421; City of Henderson v. Reed, 23 Rep., 463; City of Carlisle v. Secrest, 25 Rep., 337; City of Glasgow v. Gillenwaters, 113 Ky., 140; City of Midway v. Lloyd, 24 Rep., 2449; City of Covington v. Asman, 113 Ky., 608; City of Wickliffe v. Moring, 113 Ky., 597.

Considering the testimony as a whole, we are of opinion that it was sufficient to authorize the submission of the case to the jury; and, if right in this conclusion, it follows that the refusal by the trial court of the peremptory instruction asked by appellant was not error.

The record furnishes no reason whatever for appellant's complaint of the amount of the verdict. According to the evidence, the breaking of appellee's arm confined her to her bed and room ten days, during which and for a long period, the broken arm was confined in plaster of paris, and thirty days elapsed before the bones had fully grown together. While it is true that the injuries sustained by appellee resulted in no permanent impairment of the use of her arm, nor was there shown any loss of time, for which she was entitled to recover, we are not prepared to say that the $200.00 awarded her by the verdict was more than reasonable compensation for the physical and mental sufferings, the breaking of her arm caused her. The amount of the verdict is far less than many in similar cases sustained by us.

In Board of Councilmen of the City of Frankfort v. Kendrick, 114 S. W., 289, we affirmed a judgment entered upon a verdict of $1,000.00 for the knocking out of one of the front teeth of a little girl under eleven years of age, which produced an abcess of the bone at the socket of the tooth, from which she suffered greatly, it being shown that her injuries were caused by a fall from placing her foot in a depression of from three to four inches, caused by the negligence of the city in permitting the elevation of a paving stone above the level of the sidewalk, upon which she was walking.

In City of Richmond v. Martin, 25 Rep., 1516, we affirmed a verdict and judgment of $1,500.00, which the

plaintiff recovered for personal injuries sustained from stepping into a hole of a few inches in depth, the city had negligently allowed to be and remain in the sidewalk. Though none of her bones were fractured, her injuries were such that she was confined to her bed from three to five weeks, and for sometime thereafter could not walk without the use of crutches.   There was, however, a shortening of the injured leg and some apparent permanent impairment of her general health.

As compared with the verdicts in the two cases referred to, that recovered by the appellee in this case is unusually reasonable in amount.

It is patent that appellee, in the matter of receiving the injuries complained of, cannot, by reason of her tender years, be chargeable with contributory negligence. In City of Covington v. Bollwinkle, 121 S. W., 664, a case in which an infant was injured under circumstances somewhat similar to those attending the infliction of appellee's injuries, we  said: ''The  general rule is  that under the powers conferred upon municipal corporations in respect to streets and sidewalks within their limits, it is their duty to keep them in a reasonably safe condition for use by travelers, in the usual modes, and that they are liable in damages for injuries resulting from neglect of such duty.  *   *   *   Children, as well as adults, are entitled to the benefit of this salutary rule, and especially is this true as to an infant of tender years, who, in respect to the accident complained of, was not chargeable with contributory negligence, if such negligence had been proved.  *   *   *''

The instructions, to which appellant does not object, fairly and correctly submitted to the jury the issues of fact to be determined and the law applicable thereto, and no reason being shown for disturbing the verdict, the judgment is affirmed.