### City of Ludlow v. Tupman.

(Decided May 18, 1926.)

### Appeal from Kenton Circuit Court.

1. Damages—Verdict of $3,000.00 for Fractured Leg, Disabling Plaintiff for 11 Weeks, Together with Continued Pain, Held Not to Warrant Reversal.—Verdict of $3,000.00 for fractured leg, disabling plaintiff from working for 11 weeks, together with muscular sprains and continued pain, held not to show passion and prejudice by jury, and not so excessive as to warrant reversal.

2. Municipal Corporations—Requested Instruction that City was Not Insurer Against Accidents on Sidewalk Held Properly Refused as Unnecessary.—In action against city for injuries sustained by falling on defective sidewalk, requested instruction that city was not insurer against accidents held properly refused, where nothing in instructions given suggested that municipality was insurer.

HERBERT JACKSON and JACKSON & DISHMOND for appellant.

JOHN T. MURPHY and MARTIN J. BROWN for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

One of the streets of the city of Ludlow is known as the highway. The concrete sidewalk on one side of that street was permitted by the municipality to get out of repair. One block of the concrete sank lower than the level of the walk and the adjoining block raised higher than the level, causing an obstruction about five inches high, according to the testimony herein. While using that sidewalk on his way to work about 5:30 a. m., January 19, 1925, appellee, Tupman, stumbled over that obstruction, fell and received serious and painful injuries. He instituted this action to recover from appellant, the municipality, for the injuries upon the theory that they were the result of its negligence. The trial resulted in a verdict for $3,000.00, and the municipality has appealed.

It is not seriously contended for appellant that any ground for a reversal of the judgment exists except that the verdict is excessive. The rule for determining when a verdict may be said to be excessive was well written in Gnau v. Ackerman, 166 Ky. 258, 179 S. W. 217, in these words:

"No rule has ever been or ever can be laid down by which the damages allowable in personal injury cases may be carefully measured or computed. The best that can be done under the circumstances is to leave what is fair and right to the judgment and discretion of the twelve men who compose the jury, and their judgment and discretion we are not authorized to and will not interfere with unless it appears that their assessment was influenced by passion or prejudice or is so unreasonable as to appear at first blush entirely disproportionate to the injuries sustained."

The evidence herein discloses that when appellee fell the femur or upper bone of one of his legs was fractured in an unusual way, the fracture extending lengthwise rather than crosswise, as is usually the case, and through one of the knobs on the lower end of that bone which articulates with a corresponding knob on the tibia or lower bone of the leg forming the knee joint. As a result of this fracture appellee was confined in a hospital six weeks. For the first five or six days the fractured bone was held in place with a metal splint, following which a plaster of Paris cast was applied to the injured limb. For five weeks after leaving the hospital appellee was compelled to use crutches in walking and was able to return to his work only after a lapse of eleven weeks. Good results appear to have been obtained from the use of the surgical appliances in aiding nature to heal the broken bone, and after eleven weeks appellee appears to have been able to return to his former employment and to have worked at it ever since at the same wages he was receiving before his injury. He testified, however, that the performance of his work—and it appears that he is a blacksmith, employed by the Louisville & Nashville Railroad Company—is attended by considerable pain to him yet. He testified that he has never regained the use of the injured limb as it was prior to the injury, complaining especially of pain, tenderness and stiffness in the injured knee joint. His physician and surgeon, conceded by attorney for appellant in his brief to be most skillful

in his profession, testified that due to the fact that the fracture extended through that portion of the bone forming a part of the knee joint "there will always be some heaviness in the motion of that knee." The broken leg was appellee's most serious injury, though in addition to it and the pain and suffering necessarily endured by him because of it, appellee testified that he suffered from muscular sprains affecting his shoulders, neck and back. Attorney for appellant concedes that appellee made sufficient showing of special damages which authorized him to recover $503.44 on that account.

- In view of these facts appearing in the record by uncontradicted testimony, it can not be said that the jury in its assessment of damages appears to have been influenced by passion or prejudice, or that the amount of the verdict is so unreasonable as to appear at first blush entirely disproportionate to the injuries sustained. The verdict does not appear to be excessive within the rule authorizing the reversal of the judgment for that reason.

Appellant does not complain of the instructions given. It is mildly suggested that the trial court erred in not giving instruction A, offered by appellant. The instructions given fairly and concisely submitted to the jury the duty of the city and of the appellee, respectively, on the occasion in question. The only feature of the instruction offered and refused which was not fully covered by the instructions given was the mere abstract declaration that a municipality is not an insurer against accidents to persons using its thoroughfares, which had no place in this case. The instructions given clearly defined the circumstances under which the jury might find against the municipality, and nothing therein contained remotely suggested to the jury that the municipality was an insurer against accidents. The same contention here made was made for the municipality in City of Dayton v. Lory, 169 Ky. 94, and it was there held not to have been error upon the part of the trial court to refuse an instruction similar to that offered herein.

The appeal presents no other question, and, as neither of those presented would authorize this court to disturb the verdict of the jury and judgment rendered thereon, the judgment will be affirmed.

Judgment affirmed.