# City of Louisville v. Webber.

(Decided June 6, 1934.)

W. J. GOODWIN for appellant.

JOSEPH W. CAMBRON and BECKHAM OVERSTREET for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER — Reversing.

The appeal is from a judgment for $1,500 recovered by the appellee, Mrs. Eva Webber, for personal injuries alleged to have been sustained on December 18, 1931, when she stepped into a hole in the sidewalk in a railway underpass. The suit was filed against the city of Louisville and the Illinois Central Railroad Company, but the company went out on demurrer and the case was prosecuted only against the city.

The petition charges general negligence and that the plaintiff was caused to fall and be injured by having stepped into a certain described hole which had near it other holes, and that the sidewalk was uneven and in a rough and dangerous condition and had been in that condition for such length of time that the defendant knew or by the exercise of ordinary care could have known of its existence. The answer was a traverse and a plea of contributory negligence. The evidence was in conflict as to the existence of the hole in the sidewalk

and as to the injuries having been in fact suffered in the manner and to the extent claimed.

The plaintiff specified in her petition, and more particularly and definitely in her evidence, that she stepped into a hole, minutely described, about twelve steps from the east entrance to the underpass. Other witnesses for the plaintiff testified to there being such a hole at approximately that point. The court erroneously permitted testimony as to the existence of several other holes in the sidewalk and, as well, the wet and slippery condition of the pavement throughout the underpass, which is 261 feet long. This was error as the evidence should have been confined to a hole at or near the point where the plaintiff claims to have been injured, since the other defects, if any, had nothing to do with her accident and their existence was immaterial. City of Newport v. Miller, 93 Ky. 22, 18 S. W. 835, 13 Ky. Law Rep. 889; City of Covington v. Visse, 158 Ky. 134, 164 S. W. 332; Dundas v. Lansing, 75 Mich. 499, 42 N. W. 1011, 5 L. R. A. 143, 13 Am. St. Rep. 457; Finney v. District of Columbia, 47 App. D. C. 48, L. R. A. 1918D, 1103; Hanson v. City of Anamosa, 177 Iowa, 101, 158 N. W. 591; Elliott on Roads & Streets, sec. 1156; 13 R. C. L. 518.

A city is not liable for an injury suffered by a pedestrian caused by the natural accumulation of ice upon its streets or by any slippery condition due to it being made wet by rain. Varney v. City of Covington, 155 Ky. 662, 160 S. W. 173; Gower v. City of Madisonville, 182 Ky. 89, 206 S. W. 27; City of Newport v. Schmit, 191 Ky. 585, 231 S. W. 54; Wyatt v. City of Henderson, 222 Ky. 292, 300 S. W. 921. Evidence concerning that condition here should have been rejected.

The instructions are erroneous in that the matter of actual or constructive notice of the claimed defect in the sidewalk which caused the accident was altogether omitted. A city is not liable for a defect such as that claimed here unless its officers or employees who are in some way responsible for the maintenance and safe condition of the sidewalk knew or could have known it by the exercise of ordinary care. That knowledge may be shown by proof of continuance of the defect for so long a time as to create a presumption of knowledge. City of Burnside v. Smith (Ky.) 119 S. W. 744; City of Newport v. Lewis, 155 Ky. 832, 160 S. W. 507; City of Pa-

ducah v. Ivey's Adm'r, 196 Ky. 484, 245 S. W. 4; City of Louisville v. Carr, 204 Ky. 119, 263 S. W. 674; City of Ludlow v. Tupman, 214 Ky. 630, 283 S. W. 963; City of Ludlow v. Gorth, 214 Ky. 833, 284 S. W. 84; City of Danville v. Vanarsdale, 243 Ky. 338, 48 S. W. (2d) 5.

It does not become necessary to pass upon the other questions submitted as grounds for a reversal. All of them will probably disappear upon another trial.

For the reasons given, the judgment is reversed.