### Gatewood v. City of Frankfort.

(Decided May 19, 1916.)

#### Appeal from Franklin Circuit Court.

1.   Municipal Corporations—Defective Streets—Overhead Structures—Duty—Liability.—The duty of a municipality to exercise ordinary care to maintain its streets in a reasonably safe condition applies to overhead structures as well as those under foot, and for an injury to a pedestrian, received by reason of a defective awning or shed projecting over and across a sidewalk, and supported on posts at the curbstone, the city is liable, if it knew, or, by the exercise of ordinary care, could have known, of the defective

condition in time to take reasonable precautions to avoid the injury and failed to do so.

2. Municipal Corporations—Defective Streets—Governmental Function.—The duty of a city to exercise ordinary care to maintain its streets in a reasonably safe condition furnishes an exception to the governmental function doctrine, and where a pedestrian is injured by a fall of a shed projecting over and attached to the sidewalk and the city is negligent in failing to take reasonable precautions to warn pedestrians of the danger, it is liable in damages, even though the shed was rendered dangerous a few hours before by the fall of bricks thereon from the wall of a building injured by fire which the city, in the exercise of a governmental duty, found it necessary to tear down.

3. Municipal Corporations—Defective Streets—Overhead Structures —Notice—Question for the Jury.—In an action by a pedestrian against the city for damages, for personal injuries caused by the fall of a shed projecting over the sidewalk, evidences examined and held that the question whether or not the city knew of the dangerous condition of the shed, or could have known of it by the exercise of ordinary care, in time to have taken reasonable precautions to prevent the injury, was for the jury.

4. Municipal Corporations—Defective Streets—Duty to Guard—Instruction.—In guarding its streets the city is required to use only such means as are reasonably sufficient to warn pedestrians of the danger, and an instruction which specifies the means which should have been employed is erroneous. ·

LESLIE W. MORRIS for appellant.

F. M. DAILEY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

While walking along St. Clair street on August 12th, 1913, plaintiff, Richard Gatewood, was injured by the fall of a wooden shed and brought this action against the Board of Councilmen of the City of Frankfort to recover damages. On the first trial there was a hung jury. On the second trial there was a verdict in favor of plaintiff for $2,125.00. A new trial was awarded, and on the third trial there was a peremptory instruction in favor of the defendant. Plaintiff appeals and asks that the verdict of $2,125.00 be substituted for the verdict rendered in favor of the city on the last trial.

The record discloses the following facts: Before daybreak on August 12th, 1913, a fire broke out in the old Yeoman Building. About six o'clock the fire was practically out and the fire department returned to its head-

quarters. The wooden shed which fell on plaintiff was attached to the wall of the Duvall building and extended. to the outer edge of the sidewalk. After the fire it was thought advisable to remove the three-story outer wall of the Yeoman building. After every effort to remove the wall had failed, the Kentucky Traction & Terminal Company furnished a large motor truck, which pulled the wall down by means of a cable which was fastened to the joists of the wall. Some of the bricks fell on the wooden shed in question and two or three witnesses thereafter noticed that one of the iron posts at the lower end of the shed protruded a few inches above the shed, and that the shed had been pulled away from the Duvall building about six or eight inches. The wall was pulled down about eleven o'clock on the morning of the fire, at the instance and request of the Mayor, the Chief of the Fire Department and the Street Commissioner, all of whom were present when the wall fell. A large portion of the brick fell upon the sidewalk and out into the street, thus forming a barricade at the south end of the shed. However, the sidewalk from Main street to the south end of the shed was unobstructed and unguarded by barriers. The accident to plaintiff occurred shortly after three o'clock p. m., on the same day. He was on a business errand into the city from his home in South Frankfort. He traveled on the side of the street on which the fire occurred until he reached a point near the damaged building. Owing to the accumulation of brick on the sidewalk, he stepped from the sidewalk out into the street and walked along the street car track until he reached a point in front of the shed. At that point a passing street car and a wagon interfered with his progress. To avoid the car and wagon he stepped from the street proper onto the sidewalk under the shed. The shed broke loose from the wall and fell on him, causing the injuries of which he complains. Plaintiff was blind in one eye and the sight of his other eye was impaired. The evidence also tends to show that the city had not provided barriers or other means reasonably sufficient to warn pedestrians of the danger.

For the city it is insisted that the new trial was properly awarded, and the peremptory instruction properly given on the next trial because it was no part of the city's duty to look after the safety of the shed over the street. Without entering into a lengthy dis-

cussion of the question, it is sufficient to. say that the doctrine is well established that the duty of a municipal corporation to use ordinary care to keep its streets in a reasonably safe condition requires it to take reasonable precautions against overhead structures as well as those under foot.   Hence, it is generally held that for an injury to a pedestrian, received by reason of a defective awning or shed projecting over and across a sidewalk, and supported on posts at the curbstone, the city is liable, if it knew, or, by the exercise of ordinary care, could have known, of the defective condition in time to take reasonable precautions to avoid the injury and failed to do so.   Drake v. City of Lowell (Mass.), 13 Met. 292; Day v. Milford (Mass.), 5 Allen, 98; West v. Lynn, 110 Mass. 514; Hume .v. Mayor of New York, 74 N. Y. 264; Bohen v. Waseca, 32 Minn. 176, 19 N. W. 730, 50 A. S. R. 564.

Another point is that plaintiff's injuries were caused by an act of the city performed in the exercise of a governmental function, and that, therefore, the city is not liable.   If plaintiff had been injured by the fall of the wall itself there might be some ground for the above contention.   As a matter of fact, however, plaintiff was not injured by the city while in the exercise of a governmental function, but sometime after the city had ceased to act in a governmental capacity.   Plaintiff's right of action is predicated not on the fact that the defective condition of the shed was brought about by the act of the city, but on the failure of the city to use ordinary care to maintain its sidewalk in a reasonably safe condition.   Such negligence furnishes exception to the general rule and the governmental function doctrine has no application.   Schwalk's Adm'r. v. City of Louisville, 135 Ky. 576, 122 S. W. 860; Snider v. City of St. Paul, 51 Minn. 466, 53 N. W. 763, 18 L. R. A. 151.

Lastly it is insisted that the evidence for the city shows that its officers did not know of the defective condition of the shed, and that the time which elapsed between. the time it became defective and the hour when the injury occurred was entirely too short to charge the city with constructive notice of the. dangerous condition of the shed.   True we have ruled that a city is not charged with knowledge .of the defective condition of the street where the defect has existed for only three or four hours.   Hazelrigg v. City of Frankfort, 29 R. 207,

92 S. W. 584. In that case, however, it was not shown that any of the officers of the city passed by the place where the street was defective, or that there were brought to their attention any facts which would impose upon them the duty of making an inspection of the street at that particular time. Here, however, the officers of the city were present when the wall was pulled down and the bricks fell upon the shed in question. This took place about eleven a. m. The accident did not occur until shortly after three p. m. During the time the dangerous condition of the shed was apparent and was discovered by others who were not charged with the duty of exercising ordinary care for the safety of pedestrians. Considering the fact that the officers were present when the bricks fell on the shed and some of them remained there for some time thereafter and looked after the cleaning of the street and the removal of the debris, we conclude that the question whether or not they, by the exercise of ordinary care, could have discovered the dangerous condition of the shed in time to take reasonable precautions to avoid the injury, was for the jury.

However, we conclude that the new trial was properly awarded because of error in instruction No. 1. That instruction imposed upon the city the duty of giving reasonable and timely warning of the dangerous condition of the shed and sidewalk, if same was dangerous, "by barriers or other such means as might have been reasonably sufficient to warn pedestrians of the unsafe condition of said shed or sidewalk," etc.

It will be observed that this instruction required the city to use barriers or other such means as might have been reasonably sufficient, etc. We have held that the test of the sufficiency of the warning in a case like this does not depend on whether or not barriers or similar means are employed, but on whether or not the means actually employed, whatever they may be, are reasonably sufficient for the purpose. Hence, an instruction which limits the city to use of certain methods of precaution is misleading and erroneous. In such a case the city is required to use only such means as are reasonably sufficient to warn pedestrians of the dangerous condition of the shed and sidewalk, and the jury should have been so instructed. City of Louisville v. Lenehan, 149 Ky.

537, 149 S. W. 932; Grider v. Jefferson Realty Co., 116 S. W. 692.

Though the new trial was properly awarded, it follows from the foregoing that the trial court erred on the second trial in peremptorily instructing the jury to find for the defendant.

Judgment reversed and cause remanded for a new trial consistent with this opinion.