## City of Covington v. Rosenberg.

(Decided October 26, 1917.)

Appeal from Kenton Circuit Court.
(Common Law and Equity Division.)

1. Municipal Corporations—Defects in Sidewalk—Question for Jury.
   —Where a defect in a sidewalk is such, that in spite of the defect,
   reasonable men will come to no conclusion, other than it is rea-
   sonably safe for the travel of pedestrians, who are exercising
   ordinary care for themselves, there is no evidence of negligence
   to be submitted to the jury, but where the defect is such, that
   reasonable men may well differ as to whether the sidewalk is
   reasonably safe for the travel of pedestrians, who are exercising
   ordinary care for themselves, the question is one for the jury.

2. Municipal Corporations—Coverings for Catch Basins.—The mu-
   nicipal authorities are authorized to exercise their sound discre-
   tion as to what materials, out of which the coverings for catch
   basins shall be made, and if the plan of construction and mate-
   rials are not inherently dangerous, the city is not liable, but it
   must maintain the coverings in a reasonably safe condition for
   public travel.

FREDERICK W. SCHMITZ for appellant.

B. F. GRAZIANI for appellee.

OPINION OF TE COURT BY JUDGE HURT—Affirming.

The appellee, Louis Rosenberg, stepped upon the lid,
which covers the manhole, opening into a sewer, in the
city of Covington, and the portion of the lid, upon which
he placed his foot, immediately gave way under the
pressure, letting his foot and leg go down into the man-
hole, when the lid turned upon its edge across the hole and
caught him under the arm, which resulted in breaking
two of his ribs and otherwise injuring him. Two neigh-
bors came to his assistance and removed him from the
hole, when a physician was called. He was confined to
his room and bed for three weeks and was unable there-
after to follow his usual occupation for two weeks longer.
For some months and up to the time of the trial, he con-
tinued to suffer pains from the injuries. He brought this
action against the appellant, city of Covington, to re-
cover, from it, the damages he had suffered, upon the
ground, that the lid to the manhole was defective and
dangerous, and thus rendered the sidewalk not reason-
ably safe for travel for a person exercising ordinary care

for himself, and such condition was known or by the exercise of ordinary care could have been known by the appellant for such a period of time before the injury suffered, that it could have remedied it before the accident, and its failure to do so. A trial of the action resulted in a verdict, by the jury, in favor of appellee for the sum of five hundred dollars, in damages, and a judgment of the court accordingly. The motion and grounds for a new trial having been overruled, it has appealed, and complains that a directed verdict ought to have gone in its favor, because the evidence failed to show that the impaired condition of the sewer lid and opening was a direct and proximate cause of the injuries, and that the trial court erroneously failed, in the instructions given to the jury, to require it, before finding for appellee, to determine that the injury was directly and proximately caused by the negligence relied upon in the petition.

The evidence proved, that the manhole was circular in form and the metal covering over the sewer, through which the hole was made, was one inch in thickness. Around the rim of the hole a groove was made one-half inch in depth, so that the under side of the rim extended out into the hole one-half inch, further, than the upper side of the rim. The metal lid, which covers the manhole, was about one hundred pounds in weight, and was so constructed, that a groove corresponding to the one in the rim one-half inch in thickness and width, extended entirely around it, so that when placed over the hole it fitted to the conformation of the hole, and causing the upper side of it to be smooth with the upper surface of the metal covering of the sewer and the sidewalk. To hold the lid in position, there were four lugs on its under surface, and so distributed that when the lid was placed over the hole, they rested against the rim of the hole upon each of its sides, and thus held the lid in position and prevented its being displaced or removed by the ordinary use and travel upon the sidewalk. The lugs were about three-fourths of an inch in length. The lid had been in use about seven years before appellee suffered his injury, and upon one side there had been a fracture by which a piece about one inch in diameter and five or six inches in length had been broken from the edge of one side of the lid, and one of the lugs attached to the under surface of the lid had been broken off. Upon one occasion, some months before the injury, the lid had fallen

into the manhole and the city authorities having been notified of it, took it out and replaced it and thus became actually aware of the defect in the lid caused by the fracture upon the side of it and the loss of one of the lugs. A sudden heavy pressure upon the side of the lid opposite to the place of the missing lug would displace the lid to such an extent, that when it was stepped upon again it would elevate upon the side of the missing lug and turn edgewise to the rim of the hole and let the foot of the one stepping upon it drop down into the hole. Oftentimes, passers-by discovered the lid partially displaced from its proper position and would replace it. On several occasions prior to the injury complained of, boys, while playing ball in the street, had lost the ball in the sewer, when they had taken up the lid from over the manhole and going down into the sewer, would reclaim the ball, and then return the lid to its place. It was, also, shown that when the fractured side of the lid was brought against the rim of the hole opposite to the finger hold, on the opposite side of the lid, it would fall down into the hole. The manhole was situated in the sidewalk and its lid was constantly in use, at all times, for public use and travel by pedestrians as a part of the sidewalk. It is insisted, that, when the lid was placed over the manhole, in a certain position, it was safe and not calculated to give way from pressure and to precipitate one into the hole, and that it cannot be determined from the evidence whether before the injury to appellee, the lid had been put on in an improper position, by the city authorities, or the boys, who had theretofore taken it off to secure the ball, and that the injury arose from the negligence of some one in placing on the lid, and hence, the evidence did not demonstrate whose negligence it was that caused the injury, and that the appellee's case thereby failed. The principle of those cases, which holds that where an injury may have resulted from either one of two causes, only one of which was due to the defendant's negligence, and the inference is no stronger, that the injury resulted from one cause than the other, a verdict ought to be directed for the defendant, as in Hughes v. Cincinnati, etc., Railroad Co., 91 Ky. 526; Louisville Gas Co. v. Kaufman, 105 Ky. 131; Tolin v. Terrill, 133 Ky. 210; Sim's Admr. v. C. & O. Ry. Co., 140 Ky. 241, and others, declaring the same doctrine, are relied upon. The principle of those cases, however, is clearly inapplicable to the facts of the instant case.

The evidence does not show that the lid, when put on in any position, will not be displaced by strong foot pressure upon it. Regardless of the position in which the lid is put on, a pressure upon the lid, by the walking upon it, by a heavy man, is calculated to produce opposite the point where the broken lug is situated, a partial displacement of the lid, and when it is, again, stepped upon, by another, it will turn edgewise and precipitate the pedestrian into the hole. It does not matter by whom the lid is placed over the hole, the same defects exist in it. The lid is as safe for travel over it when put on by one person as when put on by another. It is only the defects in the lid, which render the sidewalk unsafe. Besides, the evidence is very vague and unsatisfactory, as to how long before the injury occurred, it was, that the lid had been removed and put back again by the boys. In City of Dayton v. Lory, 169 Ky. 100, and City of Covington v. Visse, 158 Ky. 134, the doctrine was announced, that where a defect in a sidewalk was such that in spite of the defect, reasonable men will come to no conclusion other than it is reasonably safe for the travel of pedestrians, who are exercising ordinary care for themselves, then there is no evidence of negligence to be submitted to the jury, but where the defect in the sidewalk is such that reasonable men might well differ as to whether a sidewalk, with such a defect in it, is reasonably safe for travel by persons exercising ordinary care for themselves, then the question is one for the jury. Under the facts of the instant case, it does not appear that all, or in fact any reasonable man, would come to the conclusion, that in spite of the proven defect, the sidewalk was reasonably safe, for travel by persons exercising ordinary care for themselves, or that the negligence, which caused the injury, is attributable to any cause, other than the defects in the lid, which composed a part of the sidewalk, and which the authorities of the city, with actual knowledge of its defective condition for several months before the injury, neglected to remedy. While the municipal authorities are authorized to exercise their sound discretion, as to the materials, out of which coverings for catch basins shall be made, and if they adopt a method of construction and use materials, which are not inherently dangerous, they are not liable, but they must maintain the coverings for the catch basins in a reasonably safe condition for public travel. McCourt v. Covington,

143 Ky. 484; Carroll's Admr. v. Louisville, 117 Ky. 763; City of Newport v. Zimmerman, 152 Ky. 582.

The instructions are not subject to the criticism made of them, as by them, the jury must, before finding a verdict against the city, believe from the evidence that the negligence of the city in failing to maintain the lid and manhole in such a way as to make the sidewalk reasonably safe for travel by pedestrians, who are exercising ordinary care for their own safety, was the proximate cause of the injury.

The judgment is therefore affirmed.