## Kingkad v. City of Covington.

(Decided February 20, 1920.)

### Appeal from Kenton Circuit Court
### (Criminal, Common Law and Equity Division).

Municipal Corporations—Personal Injury—Sidewalks—Trial—Instructions.—In an action for damages for personal injuries alleged to have been caused by a defective lug attached to the covering of a catch basin, it was not error, in view of evidence to the effect that the defective lug could not have caused the covering to tilt, that boys, who were in the habit of removing the covering, were seen playing about the catch basin, and that the covering was in place a few minutes before the accident, to give the following instruction: "Or if you believe from the evidence that the lid was displaced from its ordinary resting place immediately before plaintiff stepped upon it and it was in said way caused to tilt and plaintiff was in such manner caused to be injured, then in either or any of said events you will find a verdict for defendant."

B. F. GRAZIANI for appellant.

JOHN E. SHEPHERD and A. E. STRICKLETT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Ruth Kingkad brought suit against the city of Covington to recover damages for personal injuries. From a verdict and judgment in favor of the defendant, plaintiff appeals.

At the time of the accident the city maintained a catch basin in the sidewalk of Main street. Over the catch basin was an iron covering with three lugs, which held it in position. While walking along the sidewalk, plaintiff stepped on the covering, which tilted or slipped from its place and caused plaintiff's left foot to go through the opening, and the weight of her body to go on her right foot with such force as to injure her ankle. According

to plaintiff's evidence, one of the lugs was broken off and was rusty, and when a heavy person would step on the covering opposite to where the lug was off, the covering would tilt. After the accident, plaintiff walked to her home by holding on to the fence, and called a physician who bandaged her ankle. According to the evidence for defendant, it was impossible to tilt the covering by stepping on it. It was also shown that plaintiff had stated that she had suffered from a fractured ankle before that time. One witness testified that the children of the neighborhood were in the habit of removing the covering to see the ducks pass by; that she saw them engaged in this pastime nearly every time she looked out of the window, and although she could not say that they removed the covering on the occasion in question, she did see them playing about the catch basin. Another witness testified that she passed by the catch basin just a few minutes before the accident, and the lid was on all right.

Plaintiff complains of the concluding paragraph of the following instruction:

"If you believe from the evidence that at the time and place and under the circumstances described in the proof plaintiff was not herself in the exercise of ordinary care for her own safety, and that the accident to plaintiff would not have happened but for such failure to exercise such care (if such there was); or if you believe from the evidence that the lid or cover of the manhole was not rendered unsafe by the absence of a supporting lug or cleet; or if you believe it was so rendered unsafe but that defendant did not and by the exercise of ordinary care could not have known of such condition a sufficient length of time before the injury to plaintiff to have enabled it by the exercise of such care to have remedied such condition in time to have avoided the injury to plaintiff; or if you believe from the evidence that the lid or cover of the manhole was not caused to tilt when plaintiff stepped upon it by reason of the absence of the lug; or if you believe from the evidence that the lid was displaced from its ordinary resting place immediately before plaintiff stepped upon it and it was in said way caused to tilt and plaintiff was in such manner caused to be injured, then in either or any of said events you will find for defendant."

It is true that in the recent case of City of Covington v. Rosenberg, 177 Ky. 411, 197 S. W. 786, the court held that the city was not entitled to a peremptory instruc-

tion on the ground that it was impossible to tell from the evidence whether the covering was caused to tilt by the defective lug, or the fact that it was improperly placed by some boys playing in the neighborhood. In that case the court said: "The lid is as safe for travel over it, when put on by one person as when put on by another. It is only the defects in the lid which render the sidewalk unsafe." In this case, however, there was evidence that the defective lug could not have caused the covering to tilt. In view of this fact, and of the further fact that boys were seen playing about the manhole, that they were in the habit of removing the covering, and that the covering was in proper position just a few minutes before the accident, we cannot say that there was no evidence on which to base that portion of the instruction complained of. Under the circumstances, the jury had the right to conclude that the accident was not caused by the defective lug, but by the fact that the covering had been taken up and replaced by persons other than employees of the city, and that this had occurred such a short time before the accident, that the city was not charged with notice thereof, and the use of the words, "immediately before plaintiff stepped upon it" was more prejudicial to the defendant than to the plaintiff.

Judgment affirmed.