# City of Covington v. De Molay.

(Decided May 2, 1933.)

(Common Law and Equity Division).

SAMUEL W. ADAMS and RALPH P. RICH for appellant.

BLAKELY & MURPHY for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

At the time of the accident in which appellee, Mrs. Mary De Molay, suffered personal injuries for which she recovered a judgment for $2,000 against the appellant, city of Covington, Nineteenth street in that city had been recently raised and graded at the point as an inclined approach to a viaduct. To permit settlement and packing before surfacing with concrete, the street had been opened for traffic for about two weeks. On Thursday preceding the accident, an excavation had been made across the street, about fifteen feet long and

two and a half feet wide and three feet deep, for the installation of a portion of a fire hydrant main. The pipe was put in and the trench filled with loose earth on Friday. This was all done under the orders of the city and by city employees. There was a steady, hard rain Saturday night and the rain continued during Sunday. In the late twilight of that Sunday evening, the appellee and her husband drove over the street. The front wheels of the car passed over the filled excavation, but the rear wheels suddenly sank into it. The rear of the machine went down into the ditch so far that the front wheels were raised into the air. The sudden stop of the automobile threw Mrs. De Molay about, resulting in several bruises and severe internal injuries. The evidence is that the filled ditch had become a hole filled in part with very soft mud, or "mush" as some of the witnesses called it. The city had a man on the street for the purpose of keeping the holes in it filled and to keep it in passable condition.

The duty of a city to maintain its streets in a reasonably safe condition for travel is, quite naturally, conceded. But the appellant is claiming that since the proof did not show when this condition was created the case cannot be brought within the rule as to imputed notice of the defect, and that actual knowledge on the part of the proper city authorities was not shown. Several cases are cited stating and applying the rule.

Of those authorities, Armour & Co. v. City of Louisville, 213 Ky. 470, 281 S. W. 465, presented facts more analogous to those presented here. A sudden and unprecedented heavy rainfall had overcharged and weakened a sewer without any indication of that fact or any sort of defect in the street being manifested on the surface under which the sewer was laid. It gave way under the weight of a heavy truck and precipitated it into the hole. A peremptory instruction for the city was sustained because there was nothing shown evidencing probable danger of a subsidence in the street and there was no evidence that the defect had existed so long that notice or knowledge of it could be attributed. That is not this case. It is different in material respects: (1) The city had created the condition here by filling in the excavation and should have known that the heavy rains which followed would cause it to settle. (2) The city had invited the public to use the

street knowing it was not completed and that the grade had not thoroughly settled. It, of course, knew that these heavy rains for twenty-four hours or more would cause the loose earth in this excavation to sink much below the level of the street, and the proof was that the rains, and perhaps a broken water pipe, had washed out some gulleys in the street and the city knew it. (3) It had placed a man on the street for the very purpose of filling in the holes which might come into it and to make travel safe.

As pointed out, in Tudor v. City of Louisville, 172 Ky. 429, 189 S. W. 456, negligence of a municipality in relation to its streets may consist of acts of misfeasance and of nonfeasance. The former includes such faulty construction as to render the street dangerous to travel. The latter is a failure to remedy an unsafe condition which arose after a proper construction, and actual or constructive knowledge on the part of the municipality must be shown before it can be held liable for injuries sustained by reason of them. In the former state of fact, or where the city has authorized the dangerous condition to be created by another, the city will not be heard to say it did not know of its own acts or those ordered by it. This difference in responsibility is noted in the recent case of City of Danville v. Vanarsdale, 243 Ky. 338, 48 S. W. (2d) 5, with the additional observation as to the fundamental rule that the act must have been done by an agent of the city acting within the scope of his authority.

In City of Harrodsburg v. Sallee, 142 Ky. 829, 135 S. W. 405, 406, the superintendent of the city waterworks had caused a hole to be dug in the edge of the street and the dirt had been piled at one side so that it encroached on the sidewalk. A woman sustained injuries when she stumbled over the dirt on the pavement and fell into the hole. The city denied liability because the obstruction had not remained on the sidewalk long enough to charge it with notice. In response the court said:

"The obstruction, therefore, had been upon the sidewalk for about 30 hours previous to the accident to the appellee. Moreover, there was evidence strongly tending to show that the hole was dug and the dirt piled upon the sidewalk under the direction of Farney, the city's superintendent of its water-

works. Under this state of fact, we are clearly of opinion that the circuit court properly overruled appellant's motion for a peremptory instruction, and submitted to the jury the question of negligence and notice on the part of the city in permitting the obstruction to remain upon the sidewalk an unreasonable length of time.''

In City of Covington v. Webster, 110 S. W. 878, 33 Ky. Law Rep. 649, the city had built a cinder sidewalk on a fill supported by a wall constructed of boards. In some places openings had been left in this wall of such size that the cinders leaked through and created a hollow space beneath the surface of the walk. A man was injured when the pavement gave way under him. Said the court:

"The city having constructed the walk and put up the retaining wall, we do not think it was necessary to prove notice of the defects in the construction thereof. The defect in the retaining wall was apparent when the city built it, and no subsequent notice of this defect was necessary.''

In Burger v. City of Philadelphia, 196 Pa. 41, 46 A. 262, a pedestrian was injured by the sinking of an unpaved surface of a refilled trench on which she stepped at a street crossing. The negligence alleged was that in refilling the ditch the earth had not been properly packed. The work had been done by a contractor under the supervision of the city's department of public works. The section was left unsurfaced because of an intention to repave the whole street. The evidence was slight as to whether the contractor had completed and turned over the work to the city, but it had been thrown open for travel nearly three weeks before the accident. It was held that if there was negligence in the manner of filling the trench, the city, through its agents appointed to supervise and inspect the work, had notice of the condition. In City of Covington v. Jones, 79 S. W. 243, 25 Ky. Law Rep. 1983, there had been a cavein of a much traveled street Friday night or early Saturday morning. A pedestrian fell into the hole Saturday night. It was held to be a question for the jury whether the defendant could have learned of this condition by ordinary diligence. See, also, 43 C. J. 1042; Town of Corinth v. Lawrence (Ky.) 127 S. W. 1009; DeGarmo v. Vogt, 151 Ky. 847, 152 S. W. 969; Gatewood v. City

of Frankfort, 170 Ky. 292, 185 S. W. 847; Gnau v. Ackerman, 166 Ky. 258, 179 S. W. 217.

But the appellant argues that the appellee is not entitled to the benefit of the law which makes the city liable for a dangerous condition brought into existence by its own employees because it was not specifically plead. The petition charges that the defendant knew of the existence of the hole, or by the exercise of ordinary care could have known of it, and that it had been in the street for a time sufficient to charge the city with knowledge of its existence. It was not necessary that the plaintiff should plead how the defendant acquired notice. We think the allegation sufficient. The case was submitted to the jury on the issue of notice and not on any theory of liability for defective construction.

It is suggested, without discussion, that the verdict is excessive. A consideration of the injuries shown to be due to this accident, and the resulting damages, does not by any means convince us that the verdict is unreasonable or excessive.

Wherefore the judgment is affirmed.