## Lutz v. Louisville Water Co.

June 2, 1942.

Ollie James Cohen and Orrin W. Jenkins for appellant.

Davis, Boehl, Viser & Marcus for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This case involves the correctness of the ruling of the trial court in granting a peremptory instruction in favor of the Louisville Water Company, defendant below, at the conclusion of the evidence offered by the appellant, Doris Mae Lutz.

The appellant was 14 years of age when she was injured by falling into one of the Company's water meters on Taylor Boulevard, in Louisville, July 13, 1938. She and several children were playing "Follow the Leader." She said that she was the leader and she jumped up to catch a limb on a tree near the sidewalk and as she came down her left foot struck the meter cap and her leg went down into the meter well. Doris and the children who were playing with her testified that they did not know of the location of the meter and that it was covered with dirt. The meter was not located in the sidewalk, but in the grass plot between the sidewalk and the street. It was last examined by the Company on June 23rd, previous to the accident.

The top of the meter through which the appellant fell was filed as an exhibit in the lower court and has

been brought to this Court. The testimony is that it is of a standard make and is in universal use. It was in no way defective at the time of the accident. The cap, some 12 inches in diameter, and weighing only a few pounds, fits into a groove or rim, and is locked by a plug which is turned by a pentagon shaped key. When the cap is locked it can be removed only by turning the plug. That the cap was unlocked at the time the appellant was injured is beyond dispute, because, as we have noted, there was no defect whatever in the meter and when the Company's representatives examined it after the accident the cap was unlocked. There is no testimony as to the exact position of the cap on the rim at the time of the accident, because, as indicated, all of the children testified that the cap was covered with earth. In all probability it was in a tilted or insecure position, because it seems to us, after an examination of the meter cap and rim, that it would be next to impossible to strike the cap from the top so as to cause it to tilt or slide, if it was placed properly in the rim, even though unlocked. But we do not think that the case turns on this point, for the reasons hereinafter given.

The Water Company has the right to place its meters in or near the streets and sidewalks of the City, but it must maintain them in a reasonably safe condition for the safety of pedestrians and the traveling public. See McNeal v. City of Louisville, 287 Ky. 83, 151 S. W. (2d) 749, and cases cited therein on the general proposition. Obviously, the leaving of a meter cap unlocked would be violative of this requirement, but the question is, whether or not the Company had notice of this condition; or, whether the condition had existed for a sufficient length of time to charge the Company with notice.

Joseph McLelland testified that he was in the vicinity where the meter was located on July 5th previous to the accident; that he saw a child playing with the cap; and that he replaced it with his foot. He said also that upon returning to his office he called the service department of the Water Company and told the person with whom he talked that the cap was unlocked. This witness testified that he called at the office of the appellant's attorneys in response to an ad which had been inserted in the newspaper making inquiry as to the condition of the meter before the accident. Because of the rather unusual circumstances surrounding the manner in which

this witness comes into the picture, we have analyzed his testimony very carefully, with the view of determining whether it meets the test of the appellee's motion for a peremptory instruction, insofar as the question of notice is concerned. We have reached the conclusion that it does meet the test. The witness testified in a rather straightforward and intelligible manner as to how he happened to be in the neighborhood, the condition in which he found the meter and as to his notifying the Company. His statements as to how he remembered the date in question, July 5th, and the exact location of the meter because of notes in his memorandum book seem plausible; but the credibility of this witness will be for the jury to determine if there be another trial. As indicated, we are not prepared to say, as a matter of law, that his testimony does not constitute evidence of substance and of probative value on the question of notice. Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S. W. (2d) 877. See Henry Bradley et al. v. Illinois Central Railroad Company, 291 Ky. 25, 163 S. W. (2d) 29, as to the competency of the evidence concerning the telephone call to the Water Company.

It follows from what has been said that it is our view that the trial court erred in giving a peremptory instruction in favor of the Company at the conclusion of the appellant's evidence. Wherefore, the judgment is reversed with directions to set it aside and for proceedings consistent with this opinion.