## Louisville Water Co. v. Lutz.

Jan. 25, 1944.

Davis, Boehl, Viser and Marcus for appellant.

Ollie James Cohen for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is the second appeal of this case. The facts are stated in the opinion on the former appeal, which is reported in Lutz v. Louisville Water Co., 291 Ky. 31, 163 S. W. (2d) 29.

Appellee, a child 14 years of age, was injured when she stepped on the unlocked cover or cap of one of appellant's meter wells and the cover tilted causing her leg to slide down into the well. At the conclusion of the plaintiff's evidence on the first trial, the court directed a verdict in favor of the defendant on the theory that the condition complained of was not one that could not be considered reasonably safe, and that there was no proof of notice, either actual or constructive, to the defendant even if it be conceded that the condition was dangerous. In reversing the judgment this court held that it was the duty of the water company to maintain in a reasonably safe condition its meters located in or near the streets or side walks of the city, and that leaving a meter cap unlocked would be violative of this duty. It was stated in the opinion that the question was whether or not the company had notice of this condition

or whether the condition had existed for a sufficient length of time to charge it with notice. The testimony of the witness Joseph McClelland was reviewed, and it was held that it was sufficient to take the case to the jury on the question of notice. On the second trial McClelland was absent, but, by agreement, his testimony on the first trial was read. The case was submitted to the jury which returned a verdict in favor of the plaintiff for $2,650. It is conceded by appellant that the evidence for appellee on the second trial is substantially the same as the evidence on the first trial. The testimony of the witness Joseph McClelland is exactly the same. It is asserted, however, that according to his testimony he notified the water company the defective meter cap was located in front of 3434 Taylor Boulevard, and that this was no notice of the defect in the meter cap in front of 3440 Taylor Boulevard where the accident occurred. Waiving the question as to whether or not the former opinion is the law of the case on this point, a careful examination of the record shows that appellant's analysis of McClelland's testimony is incorrect. On direct examination McClelland testified that he drove his automobile to the home of Ed Gutermuth at 3434 Taylor Boulevard. Before entering the Gutermuth home he saw a small child playing with a loose meter cap nearby and walked to the place where the meter well was located; warned the child of the danger, and pushed the meter cap back into proper position with his foot. He testified as follows concerning the notice to the water company: "I came back in town probably an hour or an hour and a half afterwards. I called the Water Company and a girl answered. I asked for the service department and she gave me the service department, and I told them there was a loose water plate out in front of 3440."

On cross-examination he confused the street number of the house where the water meter in question was located and the street number of the Gutermuth home, but stated that about ten months after he notified the water company of the location of the loose meter cap he pointed out its location to one of the attorneys for appellee and this attorney testified without objection that the location pointed out to him by the witness was in front of 3440 Taylor Boulevard.

A fair interpretation of the evidence shows that

McClelland gave the correct location of the defective water cap when he notified the water company. The evidence on the question of notice is not wholly satisfactory, but as stated, in substance, on the former appeal, we are not prepared to say it is not sufficient to take the case to the jury and to sustain its verdict.

The judgment is affirmed.