**Charles T. MORROW, Appellant,**

v.

**CITY OF HARLAN, Appellee.**

Court of Appeals of Kentucky.

March 10, 1961.

G. E. Reams, Harlan, for appellant.

Ray O. Shehan, Wm. A. Rice, Harlan, for appellee.

STANLEY, Commissioner.

The appeal is from a judgment on a directed verdict for the City of Harlan in an action for damages for personal injuries by the appellant, Charles T. Morrow.

In the twilight of October 4, 1958, the appellant stepped on the lid of a catch basin or drainage sewer manhole cover in the sidewalk at a street corner curb and it "rolled or tilted." He dropped into the hole up to his arms. Some city workmen had been cleaning out the manhole about noon of the previous day, which was thirty or thirty-two hours before the accident. There was no evidence of a defective condition of the manhole cover or that the workmen had left the cover loose or out of place. The appellant for several years had been passing along the place. In answer to a question on cross-examination as to why he had not kept on the paving instead of stepping on the manhole cover he answered that "nine times out of ten" he and other persons stepped on the cover in passing. There is no evidence that he or anyone else had seen the loose lid or had been injured by it.

The trial court directed the verdict upon the ground that the plaintiff's evidence did not prove negligence of the city by showing the manhole cover was inherently dangerous or that the city workmen had left it loose when they completed the work the day before or the city had notice of the condition. The court was also of opinion that the plaintiff was contributorily negligent.

The appellant concedes the city had no notice, actual or constructive, of a dangerous condition. He contends the city had maintained the manhole cover without a fastening or had created the condition and failed to remedy a faulty or unsafe instrumentality. He relies upon decisions that in such cases the city is held responsible for the consequences. The cases relate to conditions that were inherently dangerous or essentially hazardous, such as maintaining a smooth and slippery iron catch basin cover built in a sidewalk, as in McCourt v. City of Covington, 143 Ky. 484, 136 S.W. 910, or where the city had, in fact, created the dangerous condition, as in Tudor v. City of Louisville, 172 Ky. 429,

189 S.W. 456; City of Covington v. De Molay, 248 Ky. 814, 60 S.W.2d 123, and cases cited therein. Reliance is especially had upon Lutz v. Louisville Water Co., 291 Ky. 31, 163 S.W.2d 29. In that case there was a water meter partially covered with dirt in a sidewalk area under a tree. The cap was loose, and the leg of a child went down into the basin or well when she stepped or jumped upon it. The decision that it was error to direct a verdict for the defendant rested upon the duty of the water company to maintain its meter boxes in a reasonably safe condition and that the company had had notice a week before the accident that the cap on this meter box was unlocked, unfastened and loose, and it appeared that on the occasion of the accident it was tilted and in an insecure position. There is no evidence in the present case that the City of Harlan had maintained the catch basin cover in an unsafe or insecure condition.

Another similar case is City of Covington v. Rosenberg, 177 Ky. 411, 197 S.W. 786. A pedestrian was partly thrown into a sewer manhole by the cover turning up when he stepped on its edge. The case, however, is distinguishable from the present one, for there a piece was broken off one edge of the lid in such a way that the lug that had been attached to it and which had rested against the supporting rim underneath was gone. Passersby had often discovered the lid partially displaced and put it back in a proper position. The city had been aware of the defect in the lid. We affirmed the judgment for the plaintiff.

The doctrine of res ipsa loquitur (which presupposes that the defendant had the exclusive control over an instrumentality or thing causing damage) cannot properly be applied in actions against cities for injuries sustained because of a defect in a sidewalk or street, for there is great opportunity for intervening and independent causes. City of Corbin v. Benton, 151 Ky. 483, 152 S.W. 241, 43 L.R.A.,N.S., 591; City of Louisville v. Moore, 267 Ky. 536,

102 S.W.2d 989, 990. Such is the present case.

In City of Louisville v. Moore, supra, when a pedestrian stepped off a curbing, the heel of his shoe went into a catch basin grating, which was "warped and spread." But he did not testify that his heel caught in an opening which was made larger by the spreading of the grating bars. In that opinion we again recognized that a city is not an insurer of the safety of pedestrians and noted that when one is injured by some condition of the sidewalk or street, in order to hold the city responsible, he must establish by competent evidence that the city had actual or imputed knowledge of the defective condition. We again held that there may be no recovery of damages on a presumption of negligence arising alone from the occurrence or on mere speculation of negligence.

In Kniffley v. Reid, 287 Ky. 212, 152 S.W.2d 615, a pedestrian was injured because of a defective covering of a coal chute. The action for damages was against both the city and the abutting property owner. The opinion notes the distinction between the character and quality of proof in cases of this kind necessary to fix liability on a city and on an abutting property owner who maintains a coal chute or similar opening in a street for his private use. The evidence was not sufficient to impose liability on the city but was sufficient as to the property owner because he was chargeable with notice of the hazard. See also Brown Hotel Co. v. Sizemore, 303 Ky. 431, 197 S.W.2d 911.

■ In the instant case the plaintiff merely proved the manhole lid was loose and tilted when he stepped on it. There was too long a time intervening since the city workmen had the manhole open for a reasonable inference that they did not replace it in a safe condition. It would be a mere conjecture they did not, and liability cannot be placed on conjecture or speculation. City of Ludlow v. Albers, 253 Ky. 525, 69 S.W.2d 1051; Benton v. Parks' Adm'r, Ky., 272 S.W.2d 466. There was too great an opportunity for a third party's independent and intervening culpable act for the law to pin liability on the city for the plaintiff's unfortunate accident.

■ As the record reveals, before the taking of evidence the court, jury and attorneys viewed the place of the accident. We state the material substance of the ground for a new trial in relation to an occurrence at that time. One of the jurors stated in his affidavit supporting the motion that he had examined the manhole lid to determine whether it would tilt, and when he stepped on its edge opposite the curb with one foot the lid came out of the flange or collar and the other edge or side tilted up. The lid did not fit good and was unsafe because it was warped or had dirt under it. This occurred in the presence of the judge, attorneys and other jurors. The motion for a new trial states that after the trial had commenced the plaintiff "discovered" this "demonstrative" evidence and that such evidence "alone was sufficient to take the case to the jury."

We pass over the point that there was nothing new about the "discovery" of the evidence. It is sufficient to note that it was misconduct on the part of the juror to test the manhole cover, for that was beyond the legitimate province of the jury. Cf. Louisville Railway Co. v. Hallahan, Ky., 119 S.W. 200; Mountain Water Company v. Davis, 195 Ky. 193, 241 S.W. 801. Moreover, it had been five and one-half months since the accident, and the condition of the manhole cover at that time was irrelevant. Even testimony concerning it would have been incompetent. The manhole lid was not a fixed or permanent object as were the conditions and objects in Kentucky Utilities Co. v. Sapp's Adm'r, 249 Ky. 406, 60 S.W.2d 976, and other like cases. There was no showing that the condition of the manhole lid was unchanged. See Premier Motors v. Smith's Adm'x, 296 Ky. 642, 178

S.W.2d 205; Reams' Adm'r v. Greer, Ky., 314 S.W.2d 511.

The trial court properly disregarded the occurrence and was correct in overruling the plaintiff's motion for a new trial on this and other grounds stated.

The judgment is affirmed.