**CITY OF ELIZABETHTOWN, Appellant,**

**v.**

**Margaret BAKER, Appellee.**

Court of Appeals of Kentucky.

Sept. 27, 1963.

Rehearing Denied Jan. 17, 1964.

J. Howard Holbert, Elizabethtown, for appellant.

J. T. Hatcher, Hatcher & Lewis, Elizabethtown, for appellee.

STEWART, Judge.

Appellee, Margaret Baker, injured when she stepped on a water-meter cover owned by appellant, City of Elizabethtown, filed a negligence action against the city and recovered a judgment of $1420.54. The city moved for an appeal, which was granted.

Appellant argues that (1) appellee. was contributorily negligent, and that (2) the city had no knowledge of the alleged defect in the meter cover .and, furthermore, its condition had not existed for a sufficient length of time to make the city chargeable with notice. We believe the second ground urged for reversal is meritorious and we shall therefore confine the discussion in this opinion to that point.

Appellee, the wife of a soldier stationed at Fort Knox, came to Elizabethtown to see a doctor on April 7, 1960. She got out of a car and crossed North Main Street diagonally near Poplar Street in the middle of the block, walking towards the other side where the doctor's office was located. There was no crosswalk where she traveled. In following this course, she stepped on a water-meter cover which was maintained by the city and which was located in the grass strip between the curb and the sidewalk. The meter cover turned with her and she fell into the meter hole. She suffered a skinned leg and a low back injury.

It was established that there are approximately 4,000 water meters in the City of Elizabethtown and they are read once a month by four men in teams of two; one man removing and replacing the covers and another reading the meters and writing down the numbers. The meter in question was read regularly over the years, the last reading before the accident being February 22, 1960. Due to a deep heavy snow on the ground, the meter was not read as scheduled in March of that year.

Appellee claims there was dirt and grass around the rim of the housing, so that the cover of the water meter would not fit properly. Everett Montgomery, who witnessed the fall and assisted appellee to her feet and helped her to the doctor's office, stated that he replaced the cover which had turned upside down when appellee fell. According to his testimony, there was a little grass on the cover which he wiped away with his hand. It fit securely but he did not lock it, he said, because he had no pliers.

The meter readers testified the meter cover was in good condition at the last reading and that they replaced the cover and locked it at that time. The city engineer testified that a few hours after the accident the meter cover was properly in place; and that the nut which locks it in the right position can be turned by ordinary pliers. He stated that the nut was not placed on it to keep the cover from turning but to keep unauthorized persons away from the meter, and that the cover will not rock or tilt, even if the nut is not locked. His testimony also brought out the fact that the meters can be unlocked with an ordinary pair of pliers and that this is frequently done by plumbers and property owners in order to avail themselves of the water cutoff valves down in the meter holes.

Roger Nichols and Perry Thomas, two persons called by the city as witnesses, testified they had passed by the meter cover in question many times each day and that they had never seen anything wrong with it. There are numerous photographs of the meter in the record. Practically all these were taken soon after the accident occurred and none indicate the cover was in an unsafe or insecure condition.

The duty of the City of Elizabethtown in the instant case required that it use ordinary care and prudence for the safety of pedestrians in the maintenance of the sidewalks, roadways, and the intervening strips, such as the one where this meter cover was located. Furthermore, unless it is proved that the city had knowledge of the defect or unless such knowledge can be imputed by the length of time the defect had existed, the city is not liable for the injury of appellee. Morrow v. City of Harlan, Ky., 344 S.W.2d 401; Lutz v. Louisville Water Company, 291 Ky. 31, 163 S.W.2d 29; Cundiff v. City of Owensboro, 193 Ky. 168, 235 S.W. 15.

In the record before us there is a complete absence of evidence that the City of Elizabethtown had any knowledge whatever of any defect in the meter cover, assuming there was a defect in the cover. In addition it appears the city used ordinary care and prudence in maintaining the cover in a reasonably safe condition.

Appellee places emphasis on the fact that the meter cover lay at the time in a somewhat tilted position rather than parallel with the surrounding surface of the ground. However, according to her testimony, it was not the tilted position of the meter cover that caused the accident, although that condition may have existed long enough for the city to have been on notice in this respect. The actual cause was the fact that the nut ordinarily securing the cover had been removed and there is no proof of how long it had been missing. In fact, no one really contends it could have been missing earlier than the date of her injury.

Under the facts stated, and in view of the law applicable thereto, no liability attached to the city in this case.

Wherefore, the judgment is reversed with directions that a new one be entered dismissing appellee's complaint.