CASE 76—ACTION BY EMMA ASMAN AGAINST THE CITY OF COVING-
TON TO RECOVER DAMAGES FOR PERSONAL INJURIES.—JUNE 4.

## City of Covington v. Asman.

APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   REVERSED.

MUNICIPAL CORPORATIONS—INJURY FROM DEFECT IN SIDEWALK—CARE
REQUIRED OF CITY.

Held:   A city is only required to exercise proper care to keep its sidewalks in reasonably safe condition for the use of persons exercising ordinary care and prudence; and therefore where plaintiff was injured by stepping into a hole in a sidewalk near the curbing, caused by a missing brick, an instruction directing the jury to find for plaintiff if defendant knew, or might by the exercise of ordinary care have known, of the defect, and plaintiff was at the time exercising ordinary care, was erroneous, in that it did not submit the question whether the sidewalk was in a reasonably safe condition for the use of persons of ordinary care and prudence.

F. J. HANLON, CITY SOLICITOR, FOR APPELLANT.

The plaintiff, appellee, recovered a verdict of $535 against the city of Covington, for injuries alleged to have been sus-

City of Covington v. Asman.

tained by falling in a hole on a defective sidewalk of said city.

The appellant complains:

1. That the verdict is not sustained by the evidence and is contrary to law, and that the court erred in not giving peremptory instructions to the jury to find for defendant.

2. The court erred in refusing to allow the jury to visit and view the place where the accident occurred.

3. The court erred in refusing to give certain instructions asked by the defendant.

4. Error in the assessment of damages, the same being excessive and appearing to have been given under the influence of passion or prejudice.

The evidence showed that the sidewalk at the place where the injury happened, was from twelve to fourteen feet wide, and one or two bricks within a few inches of the curb, were loose or misplaced, that the plaintiff, a young woman, twenty-three years of age, resided on the street and on the same side on which she was injured and knew of the defect therein, and the injury resulted from her own want of care in using the sidewalk.

### AUTHORITIES CITED.

Teager v. City of Flemingsburg, 22 R., 1442; City of Centralia v. Joskrouse, 64 Ill., 14; City of Indianapolis v. Cook,, 99 Ind., 10; Higert v. City of Greencastle, 43 Ind., 574; Raymond v. City of Lowell, 6 Cash., 524; Common v. Eastern Counties R. W. Co., 4 H. & N., 78; City of Aurora v. Pulfers, 56 Ill., 270; Ring v. City of Cohoes, 77 N. Y., 83; 33 Am. Rep., 574; Macomber v. City of Taunton, 11 Mass., 255; Dillon Municipal Corporation, 1017.

B. F. GRAZIANI, FOR APPELLEE.

Appellee, in the night time, while walking on the sidewalk in the city of Covington on Fifth street, fell into a hole in the sidewalk which held her foot like a vise, causing her to fall upon her side twisting her ankle so that the ligaments were greatly injured, for which she sued the city and recovered a verdict for $535, which the city seeks to reverse.

The evidence showed that this defect in the sidewalk had been permitted to exist for many months, and was dangerous toe persons walking on the sidewalk in the night time, and that appellee did not know of the hole in said walk.

The court did not err in refusing to send the jury to view the sidewalk, because it had been repaired since the injury. The instructions asking by appellee, or such of them as were

pertinent, were substantially embodied in the instructions given by the court, and those given by the court were as favorable to the defendant as it was entitled to.

We submit that the verdict was not excessive. For six weeks her ankle was confined in a plaster-of-Paris cast, and though more than nine months had passed at the time of the trial, it was then in a disabled condition. The jury having heard the evidence and being the judges of the facts, their verdict should not be disturbed.

### CITATIONS.

Vol. 12, Am. & Eng. Ency. of Law, p. 368 (bottom) vol. 1, Thompson on Trials, sec. 883; Henderson, &c., Corydon Gravel Road Co. v. Cosby, 19 R., 1851; City Covington v. Diehl, 22 R., 955.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

The appellee, Emma Asman, brought this suit to recover damages for personal injuries received by her on the 4th of September, 1901, resulting from an alleged defective condition in one of the sidewalks of the city of Covington. It appears from the testimony that the brick pavement in front of the Sisters' School had been replaced by one made of cement, which was about three inches higher than the brick pavement, and at the point where the cement pavement stopped, and the brick began, a small gutter ran from the side yard across the pavement along the edge of the cement pavement to the gutter in the street, and that near the curbing one or two bricks were missing and two or three were loose, and that appellee stepped into the hole from which the missing brick had been taken, which resulted in a severe sprain of her ankle. A jury trial resulted in a verdict and judgment in her favor for $523, and, a motion for a new trial having been overruled, the city prosecutes this appeal. The main ground relied on for reversal is that the trial court erred in instruction No. 1 given to the jury.

A city is not responsible for every accident that may happen in its streets which results in personal injuries. With the greatest vigilance and utmost foresight, there will be accidents for which no one, in any legal sense, is to blame. The corporate authorities are only bound to use reasonable skill and diligence to make the streets and sidewalks safe and convenient for travel. They are under no obligations to provide for everything that may happen upon them, but only for such instances as ordinarily exist, or such as may be reasonably expected to occur. See Dill. Mun. Corp., section 1019, and Elliott. Roads & S.. sections 613-615. There are very few streets that can be kept so absolutely safe as to preclude the possibility of accident, and the law does not prescribe for municipal corporations a measure of duty which is impossible of fulfillment, or a different rule of liability from that which ordinarily obtains in the affairs of life. But it does impose upon them the duty of guarding against such dangers as can or ought to be foreseen by the exercise of prudence and care. But when an accident happens by reason of some slight defect, from which danger was not reasonably to be anticipated, and which, according to common experience, was not likely to happen, it is not actionable negligence. See Beltz v. City of Yonkers, 148 N. Y., 67, 42 N. E., 401.

The question whether reasonable and ordinary care has been used by the city is ordinarily for a jury. In instruction No. 1 given to the jury in this case, they were told that if a hole or depression existed in the sidewalk, with loose bricks lying about, and appellee's injuries were received in consequence of such depression, they should find in her favor, if they believed from the evidence that the defendant knew, or by the exercise of ordinary care could

612 · KENTUCKY REPORTS. [Vol. 113

have known, of the existence of such hole or depression in the sidewalk long enough to have enabled it to have had it repaired before the date of appellee's alleged injury, if they also believed that at the time of such injury appellee was exercising ordinary care in walking along the sidewalk. This instruction was erroneous and prejudicial, because it did not submit to the jury for their determination whether the sidewalk at the time and place where the injury occurred was in a reasonably safe condition for the use of persons of ordinary care and prudence.

For reasons indicated, the judgment is reversed, and cause remanded for a new trial consistent with this opinion.