## City of Covington v. Visse.

(Decided March 20, 1914.)

### Appeal from Kenton Circuit Court (Common Law and Equity Division).

1. Evidence—Question for Jury.—It is a question for the jury whether a water meter box nine inches wide and projecting from one and a half to two inches above the surface of the sidewalk, renders the walkway not reasonably safe.
2. Evidence—Admissibility.—The fact that other persons stumbled and fell over the obstruction is admissible in evidence, as illustrating its danger.
3. Municipal Corporations—Sidewalks.—A city must keep each sidewalk in a reasonably safe condition, and it is no defense that it maintains a great many water boxes.
4. Instructions.—The refusal to give an instruction which was not prejudicial is not ground for reversal.

STEPHENS L. BLAKELY for appellant.

R. C. SIMMONS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Catherine Visse who was sixty-five years of age, while walking on the sidewalk of Perry Street in Covington, Kentucky, on August 5, 1911, about 7:30 p. m., struck her foot against a water meter box placed in the sidewalk and fell to the pavement, spraining her arm and sustaining other injuries to recover for which she brought this suit against the city. The proof for her on the trial showed that the water meter box which was about nine inches wide, projected above the pavement from one and a half to two inches. It was placed in the pavement 38 inches from the property line and 28 inches from the curb, counting from the point of the box farthest from the curb. It was dark and she did not see the obstruction in the walk until she fell over it. By reason of her injury she has lost the use of her arm and is now unable to dress herself. She was earning five or six dollars a week as a seamstress and lived with her daughter. The injury was attended with the suffering usually attendant upon such injuries. The jury returned a verdict for her in the sum of $1,200. The court entered judgment on the verdict and the defendant appeals.

It is insisted for the city that the court should have instructed the jury peremptorily to find for it on the ground that a projection one and a half inches high in a pavement should be declared as a matter of law not to render the sidewalk unsafe. We have applied this rule in the case of a depression one and a half or two inches deep, but we do not think the same rule should be applied to a water box nine inches wide and projecting one and a half or two inches above the surface of the sidewalk; for reasonable men might well differ as to whether a sidewalk with such an obstruction in it was reasonably safe. A person would stumble over such a box and be as liable to fall as he would be if the box was six inches high.

The court allowed proof that a number of other persons had stumbled and fallen here. This evidence was properly admitted as it was a circumstance illustrating the unsafety of the sidewalk and the absence of contributory negligence on the part of the plaintiff. (District of Columbia v. Arms, 107 U. S. 524, Yates v. City of Covington, 119 Ky., 228). The court did not err in refusing to allow the defendant to prove the number of water meter boxes in the city. A city must use ordinary care to keep its sidewalks reasonably safe and this duty is not affected by the number of its sidewalks or the number of water boxes it maintains in them. The larger the city the more sidewalks there will be, but this does not relieve the city of the duty of maintaining each sidewalk in proper condition.

The defendant asked the court to instruct the jury that if the water box did not extend above the sidewalk more than one and a half inches, they should find for the defendant. This instruction was properly refused for the reasons we have indicated. The defendant also asked the court to instruct the jury that if the plaintiff stumbled upon the top of the water box which was lying on the pavement and not in its proper position, they should find for the defendant. We have examined the record with some care and conclude that if this instruction had been given, it could not have affected the result of the trial for the reason that the evidence is that the plaintiff stumbled over the water box. In addition to this the court by another instruction told the jury that unless the plaintiff stumbled over the water box they should find for the defendant. The refusal to give the instruction asked was therefore not prejudicial.

Lastly it is insisted that the verdict is excessive; but in view of the condition in which the plaintiff's arm is left and the uncontradicted testimony as to the nature and permanence of the injury, we cannot disturb the finding of the jury on this ground.

Judgment affirmed.