## City of Ludlow v. Stetson.

(Decided March 4, 1915.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

1. Municipal Corporations—Torts; Actions; Contributory Negligence of Person Injured.—That the injured person was aware of the defect in the street is not per se conclusive of negligence on his part; and whether having such knowledge, to forget it momentarily, was negligence, is a question for the jury.
2. Municipal Corporations—Duty in Respect of Streets.—It is the duty of a municipal corporation to exercise ordinary care to maintain its streets in a reasonably safe condition for travel by persons exercising ordinary care for their own safety.

MYERS & HOWARD and JOEL H. WARD for appellant.

B. F. GRAZIANI and G. F. BOUGHNER for appellee.

OPINION OF THE COURT BY JUDGE HANNAH.—Affirming.

Mary Stetson, an aged woman, residing on Oak Street, in the city of Ludlow, on July 9, 1912, fell into an excavation or hole in the street and broke her wrist. She sued the city for damages for the injuries thus sus-

tained, and recovered a verdict and judgment in the sum of five hundred and ten dollars. The city appeals.

It appears from the evidence that Oak Street extends eastwardly from its intersection with Carneal Street three or four hundred feet to the point where it intersects with the Cincinnati Southern Railroad right-of-way, and there ends.

Mrs. Stetson lived in the last house on the street; that is, nearest the railroad, and about one hundred feet therefrom. Beginning approximately in front of her house and extending east to the railroad Oak Street is quite a little lower than the grade westwardly from her house, and there is a sharp break in the grade of the street. From time to time more or less dirt has been dumped in the street at that point for the purpose of filling it, although no special effort has been made to do so. When people in excavating cellars and the like had surplus dirt to dispose of, the city authorities would direct them to dump it in at the east end of Oak Street; and this is about all that has been done toward bringing it up to grade.

For some time—a number of the witnesses fix it at several weeks—before the accident the erosion of water flowing eastwardly on Oak Street had caused a "wash" at the break or crest of the fill near Mrs. Stetson's home. On the day she was injured she was standing in the street talking with a neighbor when she was approached by a small dog, which bit her and caused her to step backward, in doing which she stepped into the excavation above mentioned and sustained the injuries complained of in this action. The place at which she was standing was at or near the end of a board sidewalk in front of Mrs. Donnelly's lot; and the excavation extended across the cinder walk that connected with this board walk. Plaintiff's witnesses fix the depth of the excavation at from twelve to eighteen inches and the width at the top from eighteen inches to two feet. Defendant's witnesses say it was not so wide and not so deep.

1. It is contended by appellant city that appellee was guilty of contributory negligence, and that the court erred in refusing its motion for a directed verdict based upon that ground.

It may be conceded that as the wash or gully in question was so near Mrs. Stetson's house, and had been

there so long she knew that it was there; but we have many times held that the mere fact that the injured person was aware of the defective condition of the street is not *per se* conclusive of negligence on his part. City of Maysville v. Guilfoyle, 110 Ky., 670; City of Carlisle v. Secrest, 25 R., 336; West Ky. Tel. Co. v. Pharis, 25 R., 1838; City of Brownsville v. Arbuckle, 30 R., 414. And, whether it was negligent for Mrs. Stetson, having knowledge of the defect, to forget it momentarily when bitten by the dog, was a question for the jury. City of Henderson v. Dennis, 157 Ky., 194; City of Madisonville v. Pemberton, 25 R., 347.

2. It is further contended by appellant that that part of Oak Street east of Carneal, where Mrs. Stetson lived, and where she was injured, was never taken charge of by the city in such manner as to impose upon it the duty of exercising ordinary care to maintain it in a reasonably safe condition.

There was no plea in regard to this matter, and the city upon the trial seems to have conceded that the place in question was one which it was under a duty to maintain, for it requested an instruction saying to the jury that it was the duty of the city to exercise ordinary care to maintain and keep the sidewalk of Oak Street east of Carneal Street in a reasonably safe condition considering the travel over same and its location in the outskirts of the city and the purposes for which it was used.

However, the proof was ample to show such assumption of control upon the part of the city over that portion of Oak Street east of Carneal as to charge it with the duty of maintenance.

The city introduced as a witness its clerk, by whom it was shown from the official plat that Oak Street was sixty feet wide; that on May 15, 1912, the minutes of the proceedings of the city council showed that a communication from George Donnelly, a neighbor of Mrs. Stetson, asking that a large tree be removed from the east end of Oak Street where it had fallen; and that on May 30, 1912, the Street Committee, to whom the matter was referred, reported that the tree had been removed; that on November 3, 1910, a motion carried in the city council meeting to require all property owners along the north side of Oak Street east of Carneal to construct sidewalks; that on November 17, 1910, the clerk reported that he had given notice to such property

owners as directed by the council; that on December 29, 1910, the city attorney was instructed by the council to communicate with property owners on the north side of Oak Street east of Carneal relative to laying cinder or some suitable walk in front of their properties.

The city also introduced a witness who testified that a few days after Mrs. Stetson was injured he was employed and ordered by the street commissioner of the city to repair the place where Mrs. Stetson was injured; and the street commissioner himself testified that he had from time to time permitted dirt to be hauled and dumped in Oak Street east of Carneal, for the purpose of raising the grade; and that several years ago persons who had hauled dirt there and dumped it did not level it off, and that the city scraped it down with a team; that this was done on at least two occasions.

So that the case presented here is not one where the city has chosen to permit a street to remain in the original state of nature, but has itself permitted a fill to be made, on the crest of which fill the "wash" formed into which Mrs. Stetson stepped when she was injured.

The facts shown are sufficient to charge the city with the duty of exercising proper care in the maintenance of that portion of the street here involved.

Appellant offered an instruction defining its duty as that of "exercising ordinary care to maintain and keep the place described in the proof in a reasonably safe condition, considering the travel over same and its location in the outskirts of the city, and the purpose for which it was used." This instruction was refused, and appellant argues that this was error, but the instruction given by the court charged the city with the duty of exercising ordinary care to keep its streets in a reasonably safe condition for travel by persons exercising ordinary care; and this is the approved form of instruction. See City of Latonia v. Ebenschweiger, 118 S. W., 947; City of Covington v. Asman, 113 Ky., 608, 24 R., 415, 68 S. W., 646; City of Midway v. Lloyd, 74 S. W., 195, 24 R., 2448; City of Louisville v. Bailey, 74 S. W., 688, 25 R., 6.

The addition of the phrase contended for by appellant, i. e., "considering the travel over same and its location in the outskirts of the city and the purpose for which it was used," would be a mere singling out and stressing of evidential matter which is merely argumentative upon the issue as to whether the city exercised

ordinary care in the performance of its duty in respect of its public ways.

· The jury has found that the city failed to discharge the duty imposed upon it by law, the defect having existed long enough to charge it with constructive, if not actual, knowledge thereof; and we perceive no error in the record prejudicial to the substantial rights of appellant. The judgment is, therefore, affirmed.