## City of Ludlow v. Gorth.

(Decided June 1, 1926.)

### Appeal from Kenton Circuit Court.

1. Municipal Corporations.—Evidence as to pedestrian's injuries by hole in sidewalk held sufficient to take case to jury and to support recovery.

2. Trial.—Credibility of witnesses is for jury.

3. Municipal Corporations—City Must Exercise Ordinary Care to See that Walks and Streets are Reasonably Safe.—City must exercise ordinary care to see that walks and streets are in reasonably good condition and reasonably safe for use of travelers, though it is not an insurer.

4. Municipal Corporations—City Held Liable for Injuries to Pedestrian by Hole in Sidewalk, Though it had no Actual Notice Thereof.—City held liable for injuries to pedestrian caused by weather-beaten hole in sidewalk, which had been there several weeks or months, though it had no actual notice thereof, since it had duty to know of existence of the hole and repair it.

5. Trial.—Refusal of offered instruction, substance of which was embodied in instructions given, held not error.

6. Trial—Court Held Not Required to Instruct as Abstract Proposition that Municipality is Not Insurer of Safety of Pedestrians, Where Concrete Instruction on Such Point was Given.—In personal injury action against city, instruction as abstract proposition that municipality is not insurer of safety of pedestrians traveling on its streets held not required, where concrete instruction on such point was given.

7. Limitation of Actions—Married Woman Held Authorized to Commence Personal Injury Action Against City More Than One Year After Accident, if Within One Year After Removal of Disability (Ky. Stats., Sections 2516, 2525).—Statute of limitations (Ky. Stats., section 2516), held not to bar right of married woman to commence personal injury action against city more than one year after accident, in view of section 2525, since, being under dis-

ability, she could bring it at any time within one year after removal of such disability.

HERBERT JACKSON and JACKSON & WOODWARD for appellant.

STEPHENS L. BLAKELEY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Five hundred dollars in damages was awarded Mrs. Bertha Gorth in a suit by her against the city of Ludlow for injuries received by her in a fall upon the sidewalk caused by a hole or depression therein, and the city appeals.

After traversing the averments of the petition with respect to the negligence of the city in allowing the pavement to become defective and dangerous, the appellant in its answer, second paragraph, pleaded contributory negligence. Later an amended answer was filed pleading that the accident of which appellee complains occurred more than one year before the commencement of the action and that by reason of the lapse of time the cause of action was barred by the statutes of limitation, it being alleged to have occurred on the 2nd day of July, 1921, but the suit was not filed until the 3rd day of July, 1922. In its brief the city relies upon four alleged grounds for a reversal of the judgment, stated as follows:

"1st. The verdict is not sustained by sufficient evidence.

"2nd. The record is absolutely silent as to any notice, either constructive or otherwise, to the city of Ludlow by this appellee of the alleged bad condition of the sidewalk.

"3rd. The instructions were erroneous.

"4th. The cause was barred by the statutes."

We will consider these several complaints in the order stated.

1. We think the evidence fully supports the verdict. Appellee testified in her own behalf saying that she was a married woman on the 2nd day of July, 1921, and had continued under that disability ever since; that while she was walking on Elm street between Kenner and Butler streets, in Ludlow, she stepped into a hole in the pavement and fell on the cement walk. Reduced to its narra-

tive form her evidence is as follows: About nine o'clock on the 2nd day of July, 1921, I went in an automobile with my husband to the grocery store, but just before we got to Kenner street we had a puncture and my husband started to fix the tire and directed me to go on and get the groceries, and I did so, and as I came back I stepped into this hole. "There went all my groceries. Some lady, I do not know who she was because I was very sick at the time from the fall, came to me and offered assistance." Later some girl picked me up after I fell and I began vomiting. It made me sick and I sat on the steps of the door of the lady who lived at that place. Later I was taken inside." Asked what kind of hole or place was in the sidewalk that caused her to fall, she described it as being about ten or twelve inches ·long, narrow in the middle and three or four inches deep; said it was an old weather-beaten hole in the sidewalk, worn smooth on the surface at the bottom; that the stepping into the hole was the cause of her fall and injury. She stated that she had a physician, Dr. Hafer, who attended her; that she was laid up for ten or twelve weeks and had a doctor for eight or nine weeks. At the end of ten weeks she testified that her ankle was still weak, swollen and inflamed and red looking and very painful, as a result of the injury; that it hurt her very much at night and she could not sleep, and it had continued in such condition for eight or ten weeks; that her shoulder was strained and she was injured in other parts of her body.

Mrs. Crooker, sister of appellee, was called as a witness and testified that the hole in the sidewalk was about 14 inches long and three or four inches wide at each end and in the center it ran down to about three inches, rather in the shape of a foot, and about three inches deep. When asked how many times she saw the hole before it was filled she answered: "I never saw it but one time," but that she had seen the place twice on the day before she testified and that it was filled up with cement. She stated the hole was dark, dirty looking; several months old or maybe longer. She also described the injuries of the appellee and said she suffered a great deal of pain shortly after the injury and for some weeks following.

The city denied that there was any hole in the sidewalk and called its officers to prove that no such hole as described by appellee was in the sidewalk at the place she fell on the 2nd day of July, 1921, or at any other time within several weeks of the time stated. Its several wit-

nesses testified that they had been up and down the sidewalk at that point along about July 2nd, 1921, and did not see or know of any hole in the sidewalk and the officers of the city testified that the city had no notice of any hole in the sidewalk at that place, and further testified that appellee gave them no notice of her fall and injury or of the hole in the sidewalk until long after the happening of the accident. Although there was much conflict, we think there was an abundance of evidence to carry the case to the jury and support the verdict. The credibility of the witnesses was for the jury.

2. There is no evidence proving that the city had any actual notice of the hole in the sidewalk, but some of the witnesses testified that the hole in the sidewalk looked like an old weather-beaten break, and that the bottom of the hole had been worn smooth by the passing of pedestrians. While the city is not an insurer of the safety of its sidewalks and streets, it must exercise ordinary care to see that they are in reasonably good condition and reasonably safe for use by persons traveling them in the ordinary way; and if the city fails to do so and injury results to a traveler while in the exercise of ordinary care, the city is liable although it had no actual notice of the defect in the walk or street. Hazelrigg v. Board of Councilmen of City of Frankfort, 92 S. W. 584; City of Harrodsburg v. Sallee, 142 Ky. 829; Gatewood v. City of Frankfort, 170 Ky. 292; Eagan v. City of Covington, 166 Ky. 825. The rule requires that the city shall have notice of such defects or that it shall have reasonable opportunity to obtain such notice before it can be held liable for injuries resulting from such defects in pavements or streets. If, as shown by the evidence, the break in the sidewalk was an old weather-beaten place which had been there for several weeks or months, it was the duty of the city and its officials to have known of its existence and to have remedied it. There was plenty of time in which to have made the discovery. The evidence of appellee and her witnesses, we think, was sufficient to warrant the jury in finding the fact to be that the hole actually existed in the pavement and had been there for a long time, or at least the break was not a new one, and the city and its officials should have known of its existence long before the happening of the accident of which Mrs. Gorth complains.

3. The instructions given by the court to the jury seems to embody the whole law of the case. The court

first told the jury that it was the duty of the city to use ordinary care to keep its sidewalks in a reasonably safe condition for persons using the same, and further told the jury that it was the duty of the appellee, Mrs. Gorth, while walking on the sidewalk to use ordinary care for her own safety. It further directed the jury that if it believed from the evidence that the sidewalk mentioned in the evidence was not in a reasonably safe condition for persons walking thereon by reason of the hole therein as described in the evidence, if such there were, and that plaintiff was injured by stepping into this hole and falling on the sidewalk, to find for Mrs. Gorth, if it further believed that the agents and servants of the city knew or by the exercise of reasonable diligence could have known of the existence of the hole for a reasonable length of time before the accident. The converse of this instruction was also given. As presenting the theory of the defendant city, the jury was told that if it believed from the evidence that the sidewalk at the time and place mentioned in the evidence was in a reasonably safe condition for persons using the same to travel over, to find for the city. These instructions, with one on the measure of damage and a definition of ''ordinary care'' and ''negligence,'' as employed in the instructions, were sufficient to guide the jury in its deliberations. Counsel for appellant city do not attempt to point out any error in the instructions, but insist that instruction ''A'' offered by the city should have been given. Instruction ''A,'' in substance, states that a municipality is not an insurer against accidents of persons using its thoroughfares and that the plaintiff, Bertha Gorth, cannot recover unless the jury believe from all the evidence that at the time and place set out in the proof, there was a hole in the sidewalk and that the defendant, City of Ludlow, knew of the existence of the hole, or ought to have known by the exercise of ordinary care of the existence of such hole a sufficient length of time prior to the accident of plaintiff, if plaintiff had an accident, in time to have repaired the street. The substance of this instruction, as will clearly appear, was embodied in the instructions given by the court to the jury. Other theories presented by instructions offered by appellant were likewise embodied in the instructions given by the court to the jury. Counsel for appellant city say that they had a right to submit instruction ''A'' to which we have referred. True, and it was submitted. This court has frequently said that a

municipality is not an insurer of the safety of pedestrians traveling upon its streets, but it is not necessary for a trial court in instructing a jury in such a case to state this abstract legal proposition. A more concrete instruction should be and was given.

4. Appellant city insists that the statutes of limitation, section 2516, bars the right of appellee to prosecute the action because she did not commence her suit within one year from the happening of the accident. True, the action was not commenced within one year, but section 2525, Kentucky Statutes, provides:

"If a person entitled to bring any of the actions mentioned in the third article of this chapter, except for a penalty or forfeiture, was, at the time the cause of action accrued, an infant, married woman or of unsound mind, the action may be brought within the like number of years after the removal of such disability or death of the person, whichever happened first, that is allowed to a person having no such impediment to bring the same after the right accrued."

Clearly actions, such as this, fall within the third article of the chapter on limitations as originally drafted and as employed in section 2525.

Mrs. Gorth was laboring under a disability, being a married woman. She was, therefore, entitled to bring her action at any time within one year after the removal of her disability. Onions v. C. & C. El. R. R. Co., 107 Ky. 154; Duvall v. Parepoint, 168 Ky. 11.

For the reasons indicated the judgment is affirmed.