## Wilkerson v. Sanderson.

(Decided March 18, 1930.)

HERSCHEL T. SMITH for appellant.

GARDNER & McDONALD for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

The appellee, Ocie Sanderson, with a number of other workmen engaged in highway construction, after dark on the evening of October 8, 1928, were returning to their homes in Mayfield on a truck having a cab and a flat body or platform with standards or upright pieces along the edge. The floor of the car extended over the wheels in the rear, and the appellee and others were sitting on it with their feet hanging down. A Chevrolet coach going in the opposite direction, and driven by the appellant, C. K. Wilkerson, while passing the truck on or near Possum creek bridge, struck appellee's foot, breaking his left leg in two places, twisting his ankle, and injuring his right kneecap. Two other men sitting between the appellee and the rear end were knocked from the truck. Sanderson was sitting astride one of the standards, which no doubt kept him from being swept off, and which also probably accounts for the severity of his injuries. Those men sitting nearer to the front of the truck were not struck, nor did any part of the truck show evidence of contact. There were some dents made in the appellant's fender, the handle was broken off the door, and marks made on its side.

The appellee recovered a judgment for $1,750 damages, and appellant brings this appeal.

The grounds submitted as sufficient to require a reversal are that, in riding with his legs and feet hanging over and extending beyond the edge of the truck, the appellee was guilty of such contributory negligence as precludes recovery; that since the evidence is equally consistent with the nonexistence as with the existence of negligence on the part of the defendant, a peremptory instruction in behalf of the defendant should have been given; and that having pleaded and proved a specific act of negligence contributing to the injury, the defendant was entitled to a concrete instruction on that point.

The trial court very properly held that the plaintiff was not guilty of contributory negligence as a matter of law. If it be conceded that the driver of the truck on which appellee was riding was guilty of negligence concurring with that of the appellant in operating the vehicles, there was no evidence of such relationship as would impute the negligence of the driver to appellee. See Prichard v. Collins, 228 Ky. 635, 15 S. W. (2d) 497. This seems to be admitted by appellant, and the only contention emphasized on this point is that the plaintiff's position on the truck and his failure to draw in or remove his legs when he saw appellant's automobile approaching was negligence per se. There is no law against riding this way. Because a portion of plaintiff's body extended beyond the edge of the truck, the defendant had no right to run into him and was not relieved of his duty to exercise ordinary care to avoid injuring him. Sanderson was justified in assuming that appellant and all others would not violate the law of the road by failing to maintain a lookout and to keep to the right without turning or swerving back into or toward the center of the road until it was safe to do so.

No authority is submitted by the appellant to sustain the argument pressed upon us that the appellee was guilty of contributory negligence in thus riding on the truck. It is contended that the rule respecting nonliability of a carrier for injuries sustained by a passenger by reason of having extended his arm or some other part of his body out the window of a railway train applies. A similar contention was made and decided adversely in Moore v. Hart, 171 Ky. 725, 188 S. W. 861, 867, where the plaintiff was injured while riding on the rear steps of a passenger truck which was overturned when struck by the defendant's passing automobile. As was observed in the opinion: "It is perfectly manifest that the place where plaintiff was riding was altogether safe, and no injury would have happened to him if his car had not been overturned." No injury would have happened to the appellee had he not been struck by the appellant's car. That was the proximate cause. See also Caldwell's Judicial Dictionary, vol. 4, p. 530.

In C., N. & C. Ry. Co. v. Rairden, 231 Ky., 141, 21 S. W. (2d) 236, a man riding on the running board of an automobile was crushed between the machine and a passing street car. It was held that the position was not negligence as a matter of law and that the question as to

whether or not his conduct constituted contributory negligence was for the jury to determine in an action for damages against the street car company.

A recent case where the facts are quite similar to this one is Moreno v. Los Angeles Transfer Co., 44 Cal. App. 551, 186 P. 800. It was held that the act of the plaintiff in riding with his feet hanging over a steam roller on which he was riding did not constitute contributory negligence. The subject of the position of the plaintiff on an automobile as affecting the right of recovery is treated in Blashfield's Cyclopedia of Automobile Law, p. 1101 et seq., and the 1929 Supplement.

The instruction given properly declared the duties of the defendant under the circumstances proven, and provided that if the jury believed he negligently failed to perform any of those duties, and that as the direct and proximate result of such failure the plaintiff, while exercising ordinary care for his own safety, was injured, then the law was for the plaintiff, and unless the jury so believed they should find for the defendant. Although there was a special plea of contributory negligence by reason of the situation occupied by the plaintiff, it was not required that an instruction should be given, for the only duty resting upon the plaintiff under the circumstances was to exercise ordinary care for his own safety. As to whether or not he did so was a question submitted to the jury.

It may be said that the evidence introduced in behalf of the defendant had the effect of fixing the responsibility on the driver of the truck, as it tended to prove that the truck was not being driven to the right of the center of the road, but that it crowded defendant's automobile as it was in the act of passing. The evidence of the plaintiff tended to prove that the truck was to the right of the center, and that the automobile of the defendant was driven beyond the center of the road, and that he turned to the left before the way was clear. The question of defendant's negligence was clearly one for the jury under the conflicting evidence. Kappa v. Brewer, 207 Ky. 61, 268 S. W. 831.

The judgment is affirmed.