## City of Louisville v. Hale's Administrator.

## Same v. Mullins.

(Decided March 24, 1931.)

W. J. GOODWIN and WM. T. BASKETT for appellant.

WOODWARD, WARFIELD & HOBSON, for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

On May 14, 1929, Hardin Hale, deceased, and Donald Mullins, were engaged in moving some furniture in a small truck with full height sides and a top. The back end was open. As the machine was being driven down Frankfort avenue, in the city of Louisville, the men were standing on either side very near the end of the truck. Mullins testified they were leaning against the side, but there is some evidence in the record that they were standing against a circular dining room table which was not fastened. Mullins was carrying a large glass bowl in his hands, and Hale had a banjo on which he was picking, and perhaps was singing at some time along the way. The truck was carrying a light load and was running 18 or 20 miles an hour. It struck a hole in the street with such force that the two men were precipitated out the back end of the truck. Each suffered a fracture of his skull, and Hale died in the hospital that night from the injuries he sustained.

Hale's administrator and Mullins filed suits against the city of Louisville for damages, charging it with negligence in permitting the hole to remain in the street. The cases were tried together, and a verdict for $2,500 was rendered in favor of the former, and for $1,500 in favor of Mullins.

It is argued in support of the prayer for a reversal of the judgments that the city was guilty of no negli-

gence, as the depression or defect in the street, which the plaintiffs say caused the men to be thrown out of the truck, was so slight that danger from it could not reasonably be anticipated. The descriptions of the hole vary materially.

According to the evidence introduced by the plaintiffs it was a depression in the asphalt paving 2 or 2½ feet wide and extending from one street car rail to the other. It appears to have resulted from a settling of the ground due to previous excavations made by the gas company employees. It seems to have been patched or filled with small broken stone mixed with tar or similar substance, but to have again sunk. This condition had existed for several months. Its depth was stated to be from 2 to 4 inches. Witnesses testified that for some time automobiles frequently struck this depression and they would be considerably jarred and caused to bounce about. The jar received by the truck involved was sufficient to break one of the legs on the dining table.

Evidence presented in behalf of the city was that there was no depression or hole in the street at the place, but only a roll or wave in the asphalt, and it was not such a defect as could have caused an automobile to bounce about, and no effect on cars passing over it could be observed. The assistant superintendent of street repairs for the city testified that Ewing street was constructed about December, 1928, (this was the period witnesses for the plaintiff testified the hole was made), and in April, 1929, he noticed a depression on Frankfort avenue at the place and it was patched, and the street was then left in fairly good condition without any holes in it.

In considering the claim that the defendant was entitled to a peremptory instruction, the court must give to the evidence the construction most favorable to the plaintiff and consider all reasonable inferences to be drawn therefrom. Looking to cases of this class, it is hardly possible to find any two presenting the same conditions. In City of Louisville v. Haugh, 157 Ky. 643, 163 S. W. 1101, 1102, a pedestrian was injured by stepping into a hole between the rails of a car track while crossing the street. As here there was a difference in the evidence as to the depth of the hole. The case presented a question of fact for the jury. In discussing the

duty of the city with reference to the maintenance of its streets, the court said:

"The duty of the city is to exercise ordinary care to maintain its streets in a reasonably safe condition for the use of the public; but there is no fixed standard of the requirements of this duty. Its measure is not defined by statute. The requirements are not the same under all circumstances, and in all places. In its very nature it is incapable of exact expression, or reduction to any unvarying formula. Whether the city was negligent in permitting the hole in question to be and remain in its street was purely a question of fact."

The rule is that, where the defect is such that reasonable men may differ as to whether it renders traveling unsafe for those exercising ordinary care for their own safety, the issue is to be submitted to the jury as one of fact. City of Louisville v. Dahl, 170 Ky. 281, 185 S. W. 1127; City of Covington v. Visse, 158 Ky. 134, 164 S. W. 332; City of Covington v. Asman, 113 Ky. 608, 68 S. W. 646, 24 Ky. Law Rep. 415; City of Paducah v. Konkle, 236 Ky. 582, 33 S. W. (2d) 608; Bickel Asphalt Paving Co. v. Yeager, 176 Ky. 712, 197 S. W. 417. We consider the evidence in this regard sufficient to warrant a submission of the case to the jury.

Another point raised is that the parties were guilty of contributory negligence. It is based upon the place and manner in which they were riding, coupled with the fact that they were intoxicated. The men were of mature age and experience and had ridden in the same way a number of times. On this occasion they had maintained their balance and position in the truck until it received the severe jolt caused by striking the hole in the street. Ordinarily the place upon which one rides on a vehicle when he is injured is not regarded as constituting contributory negligence precluding a recovery of damage as a matter of law. Wilkerson v. Sanderson, 233 Ky. 493, 26 S. W. (2d) 1, and authorities therein cited.

The plaintiff Mullins, the deceased, Hale, Roach, the driver of the truck, and Bowlds, a helper, had been working all day, and none of them had taken a drink of intoxicants during the day, according to the testimony of the three survivors. But police officers, who visited the scene of the accident and removed the injured men to the hos-

pital, testified that they smelled the odor of liquor on Bowlds' breath, and that he told them "we had a few drinks." They also testified that the injured men became sick and vomited, and that the substance emanated distinct alcoholic fumes. They also smelled the odor of liquor on the breaths of the two injured men. One of the officers went so far as to say that Mullins admitted in the patrol wagon on the way to the hospital that he had been drinking, although the evidence is that he was unconscious from the time he struck his head on the street until eleven hours thereafter.

Again we have for consideration the general rule that, if the conduct of the party injured was such that fair and reasonable men might differ as to whether it was negligent and contributed to bring about his injury, it is a question for the jury to decide; while if the facts are uncontroverted, and the only conclusion that may be fairly drawn therefrom is that the person brought the injury upon himself by his own absence of care, it is a matter of law to be decided by the court. Straight Creek Fuel Co. v. Mullins, 189 Ky. 661, 225 S. W. 726; Foreman v. Western Union Tel. Co., 228 Ky. 300, 14 S. W. (2d) 1079. With reference to the intoxication of a person injured when the automobile in which he was riding struck a hole in a street, it was said in Winston's Adm'r v. City of Henderson, 179 Ky. 220, 200 S. W. 330, 332, L. R. A. 1918C, 646;

"It has been held by this court that drunkenness of the injured party does not excuse the negligence of a city in leaving an open pit in a street into which a pedestrian falls while using the street at night, but if the intoxicated condition of the injured man was such that he was rendered unable to and, therefore, did not exercise that degree of care usually employed by reasonably prudent persons (if sober) under like circumstances, then voluntary drunkenness amounts to contributory negligence. City of Covington v. Lee, 28 Ky. Law Rep. 492, 89 S. W. 493, 2 L. R. A. (N. S.) 481."

The conflict in the evidence as to their condition as to sobriety, and the debatable question as to the danger of their position in the automobile, made it proper to submit to the jury the question of their contributory negligence. That was done in an instruction about which no complaint is made.

The third ground for a reversal is misconduct on the part of appellees' trial lawyer in repeatedly asking of witnesses such questions as brought before the jury that other holes were to be found in the streets of the city. The questions were asked principally of employees of the city looking after the maintenance of the streets who had testified that there was no hole in Frankfort avenue at the place where the accident occurred, or that the condition was the same as that to be found in any other street. Counsel for appellees say that the questions were proper as testing the knowledge and memory of the witnesses. The court sustained the objections and directed the jury to disregard the testimony to the extent that it referred to other places. Perhaps in some instances the questions ought not to have been asked, but the conduct cannot be regarded as of that character which the court has held should deprive counsel of the fruits of their victory, such as may be found in Louisville & N. Railroad Co. v. Payne, 133 Ky. 539, 118 S. W. 352, 19 Ann. Cas. 294; and Shields' Adm'rs v. Rowland, 151 Ky. 136, 151 S. W. 408.

Perceiving no prejudicial error in the trial of the case, the judgments are affirmed.