## Willis v. Harbell Coach Company.

(Decided March 25, 1932.)

MARTIN T. KELLY, J. H. TAYLOR and R. L. POPE for appellant.

JAMES S. GOLDEN for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

On August 11, 1920, appellant, who was twenty-five years of age, and fifteen or twenty other persons, were on a pleasure ride. They left the town of Harlan shortly before noon in a truck driven by William Flannery. The truck had a cab and a flat body with standards along the edge and slats attached to the uprights. After leaving Harlan the truck proceeded toward the city of Pineville. A short distance above Pineville they turned around and started back to Harlan, and had proceeded on the return trip several miles when the plaintiff was injured. He brought this suit against appellee to recover for his injury.

This highway is built of concrete, sixteen feet wide, and on each side of the concrete and level with it is a clay surface fifteen or eighteen inches wide. The plaintiff was standing up in the truck holding a mandolin on which he was picking, and a bus belonging to appellee, going in the opposite direction, passed the truck. The plaintiff's statement is in these words: "I was just standing up there picking the mandolin and had my arm laying up on top of the slats, hooked over the little stob about two or three inches high; had the left elbow over like that. As I looked around the bus was coming. I raised my arm up on the inside of the truck. I was struck by the bus.

'After I was struck I was knocked kind of unconscious and didn't know anything.'' His left arm was broken once about the wrist and then broken between the elbow and the wrist and also above the elbow. The plaintiff introduced several witnesses who testified to seeing him standing there in the truck picking on the mandolin, and to his unconscious condition after the bus passed.

On the other hand, the defendant proved by half a dozen witnesses, who were passengers in the bus or truck, that Willis leaned over the side of the truck and hit the bus with the mandolin as it passed. The mandolin was broken. Part of it was found in the road and the handle was found in the truck. A number of witnesses testify that Willis was drunk, and that shortly before meeting the bus a car passed them and he hollered at the car and made a motion to hit it, but for some reason didn't hit it, and that when the bus came along he hollered in like manner at the bus and leaned over and struck at it with the mandolin and in this way received the injury. Several witnesses testified that there was a space of at least three feet between the two vehicles as they passed and this evidence was not contradicted by any one. The undisputed evidence was that the truck was ninety-six inches high to the top of the slats on which Willis testified his arm was resting, also that the bus was ninety-two inches high, and that eight inches of this was an inclosure at the top of the bus for carrying baggage, and that the top inclined back from the fenders and was not as broad as the fenders. There was no evidence by anyone that the bus hit the truck. There was no sign of injury on the truck, and all the witnesses testify to hearing something like a shot at the time of the accident. On these facts the circuit court instructed the jury peremptorily to find for the defendant, and the plaintiff appeals.

In such cases the physical facts, undisputed, must control a mere theory. The undisputed fact was that there was no collision between the two vehicles and that they passed with a space of two or three feet between them. If it be true that one or the other of the vehicles careened over and so brought the plaintiff's arm in contact with the bus, there is nothing in the evidence to show that the bus careened over. The appellee would not be responsible unless the collision was due to the fault of bus. Under the evidence it is as reasonable that one of the vehicles careened over as the other. The burden was

upon the plaintiff to make out his case against defendant by some evidence, and this he did not do; for it may be that the truck careened over and brought the plaintiff's arm in contact with the bus without any fault on the part of the bus driver. Not only so, the undisputed evidence was that the truck was ninety-six inches high, while the body of the bus was only eighty-four inches high, and if the bus had careened over it could not have struck the plaintiff's arm resting on top of the slats of the truck ninety-six inches high, even if we include the eight inches inclosed on top of the bus for baggage.

The physical fact that the pieces of mandolin were found in the road, that the noise heard was like a shot and just such a report as the mandolin would make if struck against the bus, and that this could not have occurred if Willis had kept the mandolin on the inside of the truck, as he was playing on it when the bus approached, all go to sustain the testimony that Willis was drunk and reached out and struck the bus with the mandolin as it passed.

This case is unlike Wilkerson v. Sanderson, 233 Ky. 493, 26 S. W. (2d) 1; for there two other men sitting between Sanderson and the rear end of the car were knocked off, and there were dents made in Wilkerson's fender, the handle was broken off the door, and marks made on its side. Nothing of this sort appears here, and the evidence is uncontradicted that the bus and the truck were about three feet apart as they passed. On the whole case the judgment of the circuit court cannot be disturbed.

Judgment affirmed.