# Prather v. City of Louisville et al.

(Decided May 10, 1932.)

ROBERT HUBBARD for appellant.

W. J. GOODWIN for appellee City of Louisville.

BLAKEY, DAVIS & LEWIS for appellee Parris.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In this action by Clara Prather against the City of Louisville and Israel Parris to recover damages for personal injuries, the trial court directed a verdict in favor of the defendants. Plaintiff appeals.

The facts, as shown by the evidence, are these: Plaintiff lived at 1426 Story avenue. The house belonged to Parris. Leading from the roof of the house is a down spout, which connects with a pipe extending from the house across the sidewalk to the gutter. The pipe is four inches in diameter, and lies in an opening in the concrete. The distance from the plane of the concrete is 1¾ inches. On each side of the pipe the distance is 2 inches. Some time after 7 o'clock on the evening of February 16, 1930, Mrs. Prather started down the street. When a few feet away from the pipe she slipped on some ice, but regained her balance. She then went forward and her heel caught in the opening. She fell to the ground and broke her arm. She had been living there for about five weeks, and, though she had often walked over the pipe, she did not know it was there. Though they did not notice any ice, or see her slip, two witnesses who were present did see

her catch her foot in the opening and fall. According to John Hornback, the condition of the sidewalk had been the same ever since the concrete had been put down, and there had been no cover over it for about ten years. On cross-examination he testified as follows:

"13. You say that the condition is the same that it has been ever since this sidewalk was made? A. Yes, sir.

"14. That was made in the regular way by the City, was it not, along about seven years ago? A. About that time I think it has been.

"15. And it was left just the way it is now? A. Left just the way it is now, as near as I can remember; I know I have never seen nothing else over that one.

"16. Concrete sidewalk was laid on the whole block at the same time? A. Yes."

A recovery against the city was sought on the ground that the sidewalk was in a dangerous condition for public travel, and that this condition had existed for such a length of time that it was known to the city, or could have been known to it by the exercise of ordinary care. A recovery against Parris was sought on the ground that the rut and drain pipe were placed there by him and constituted a servitude upon the sidewalk by reason of which he was making an unusual use of the sidewalk for his sole and exclusive benefit. The answers consisted of a general denial and a plea of contributory negligence.

The trial court sustained the motion of defendants for a peremptory instruction on the ground that the placing of the drain pipe in the rut in the sidewalk was pursuant to a plan adopted by the city, and that such plan was not palpably dangerous, and on the further ground that plaintiff was guilty of contributory negligence as a matter of law. We do not regard the evidence as sufficient to show that the construction of the sidewalk at the place of the accident was pursuant to a plan adopted by the city. All that we have is that the sidewalk had been in that condition ever since it was constructed, and that, as near as the witness could remember, there had never been any covering of the drain pipe. For aught that appears, the drain pipe when laid in the concrete may have been covered, and, even if it

was not covered, the method of construction may have been adopted by the contractor on his own initiative, or at the suggestion of the property owner. Before a city may rely upon a plan of construction to defeat an action for personal injuries, it should be made to appear that the plan was adopted by ordinance, or at the direction of some agent having charge of the street. Moreover, we are not prepared to say as a matter of law that the plan, even if it had been adopted by the city, was not palpably dangerous. The drain pipe laid in the rut was four inches in diameter. At its highest point it was 1¾ inches below the concrete. On each side it was 2 inches below the concrete. Its surface was round, and such as to cause the heel to slip and come in contact with the concrete on either side. In the circumstances, the question whether the sidewalk was in a dangerous condition was one about which ordinarily prudent men might entertain a reasonable difference of opinion, and therefore for the jury.

Nor are we prepared to say that plaintiff was guilty of contributory negligence as a matter of law. There may be obstructions or holes in the street of such size that a pedestrian who knows of their presence, and was injured by them, will be guilty of contributory negligence as a matter of law, but the condition of the sidewalk in question is not of that kind. Even though it be conceded that plaintiff, who had passed over the drain pipe several times, knew the condition of the sidewalk, the danger was not of that open and obvious character as to be at once apparent to the human eye. On the contrary, the danger was more or less latent, and not easily discoverable by one walking in the dark, as was the case with plaintiff. We are therefore constrained to hold that the question of contributory negligence was also for the jury.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.