## City of Bowling Green v. Ford.
### (Decided March 27, 1936.)

524

J. FRANK DENTON for appellant.

B. T. ROUNTREE for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON— Affirming.

Eva Ford, on a trial before a jury was awarded $1,223 damages against the city of Bowling Green. The basis of her recovery was that the city negligently permitted a hole to be and remain in the street near the entrance to the south side of the city's park, which caused her to fall and injure her knee. In the "horse and buggy days," the city had constructed on the street, close to this entrance, a "water trough" which was removed a number of years before Mrs. Ford sustained her injury, and when it was removed its place was in part reconstructed with the use of stone, and in placing the same the hole was left, permitted to be, and remain, unprotected, rendering the place dangerous and unsafe for the travel of pedestrians. She alleged that the existence of the hole was known or could have been known to the city, its agents and officers, by the exercise of reasonable care. She claimed that she was unaware of this unsafe and dangerous condition, and while walking from the entrance of the park to the opposite side of the street, about 9 o'clock p. m., she stepped into this hole, falling, breaking her knee cap, and otherwise bruising her body.

The city traversed her petition and pleaded contributory negligence. From a judgment on a verdict

of the jury, the city is appealing, insisting that the evidence shows the hole in the street was concealed and could not be seen due to the fact grass covered it, and there was no evidence showing that the city authorities by the exercise of ordinary care could have discovered it, and therefore it was entitled to a directed verdict. Also, it contends the court's instruction is erroneous.

In our disposition of the case we shall consider only the questions presented by, and discussed in, the city's brief.

The evidence establishing the existence of the hole, the falling of Mrs. Ford, and the injuries she thereby sustained, is overwhelming. The witnesses in behalf of the city merely testified that they had no knowledge of the existence of the hole prior to, or at the time of, Mrs. Ford's injury. They do not deny its existence. Its dimensions and whether it was covered with grass are disputed.

It is conceded that the city is not a guarantor of the safety of pedestrians on its streets and sidewalks; that a city's duty is discharged if they are kept in a reasonably safe condition for those using them, exercising ordinary care for their own safety. And ordinarily, whether a street or sidewalk is in a reasonably safe condition for use is for the jury, except where the defect is a slight inequality of the surface. An example of this class is the City of Lexington v. Cooper, 148 Ky. 17, 145 S. W. 1127, 43 L. R. A. (N. S.) 1158, where there was a niche in the concrete sidewalk at the outer edge of the pavement, two and a half inches in depth around a shade tree. For facts comparable to those in the present case, see City of Dayton v. Lory, 169 Ky. 94, 183 S. W. 252; City of Louisville v. Haugh, 157 Ky. 643, 163 S. W. 1101; City of Covington v. Asman, 113 Ky. 608, 68 S. W. 646, 24 Ky. Law Rep. 415; City of Covington v. Visse, 158 Ky. 134, 164 S. W. 332; City of Lebanon v. Graves, 178 Ky. 749, 199 S. W. 1064, L. R. A. 1918B, 1016; City of Louisville v. Hale's Adm'r, 238 Ky. 182, 37 S. W. (2d) 20; Prather v. City of Louisville, 243 Ky. 753, 49 S. W. (2d) 1001.

The city assails the court's instruction for its use of the language, "the city or any of its officers or agents knew" the hole was in the street or could have known it by the exercise of ordinary care, insisting "that the instruction should have confined the requirement as to notice to the officers or agents who, under

the law, were charged with some duty or responsibility of repairing or seeing to the repairing the streets." Conceding that this criticism is meritorious, the city is in no position to urge this objection to it. It offered an instruction containing the same vice. It requested an instruction containing this phrase: "Notice to the city authorities." If the court's instruction were erroneous because of the use of the criticized language, the city, by offering one containing the same fault, thereby induced the court to make the error, and it cannot now avail itself of such error, if any, as a cause of reversal. Malone's Ex'x v. Chesapeake & O. R. Co., 249 Ky. 832, 61 S. W. (2d) 876.

It further insists that the court's instruction should have informed the jury that the defective condition of the street of which Mrs. Ford complained "must have existed for such length of time" that the city, its agents and servants, could have known of it, and after a reasonable time had elapsed after the discovery of its condition, in which to repair the same, it thereafter failed to do so; in that event only to find for Mrs. Ford.

Bearing on this issue, the evidence uncontradictedly establishes that Mrs. Dean in the fall season next before Mrs. Ford sustained her injury, while traveling over the spot where Mrs. Ford fell, had stepped in the hole, and, except for the protection of her husband, would have fallen on account thereof. Mr. Dean at that time observed and examined the hole in the street, and ascertained its depth and size. Aside from this, the evidence satisfactorily established that when the "water trough" was removed and its place surfaced, the hole was left by the city employees who engaged in surfacing the spot occupied by it. The evidence, even if it be conceded that the instruction should have been worded as now contended by the city, is so convincing that the hole had existed for such a long period of time, the failure of instruction to embrace the language conveying this thought becomes immaterial, and, if an error was thus committed, it was harmless. See City of Ludlow v. Gorth, 214 Ky. 833, 284 S. W. 84; City of Covington v. De Molay, 248 Ky. 814, 60 S. W. (2d) 123.

Discovering no reversible error, none having been pointed out to us, and the record disclosing the city has been accorded a fair and impartial trial, the judgment is affirmed.